KELLER v. WHITTINGTON.

Opinion delivered February 10, 1913.

1. MORTGAGES—FORECLOSURE—RIGHT OF MORTGAGEE TO PURCHASE.—When a mortgage expressly confers upon the mortgagee the right to purchase at a foreclosure sale the provision is valid, and the mortgagee may purchase, provided the sale is fairly conducted in accordance with the terms of the mortgage. (Page 528.)

2. MORTGAGES—FORECLOSURE—VOID DEED.—When a deed following a foreclosure sale is void on its face, for failure to recite an appraisement of the land in accordance with the statute, or failure to recite that the statutory provision was waived; if the land was in fact appraised, the sale may be valid, even if the deed is void, and equity will reform the deed or treat it as reformed. (Page 528.)

3. APPEAL—QUESTION NOT RAISED BELOW.—Where a question was not made an issue in the trial below, and no proof taken directed to it, it is too late to raise the question for the first time on appeal. (Page 529.)

Appeal from Arkansas Chancery Court; *John M. Elliott*, Chancellor; affirmed.

*W. N. Carpenter*, for appellant.

1. The land involved was the homestead of the appellant, and the foreclosure under the power of sale clause in the mortgage was not valid. Kirby's Dig., §§ 3710, 3713; 36 Ark. 545; 38 Ark. 112; 43 Ark. 429; 48 Ark. 539; 54 Ark. 9.

2. The appraisement required by statute was never made, and a debtor or mortgagor can not waive such requirement. Kirby's Dig., §§ 5111, 5112, 5113.

3. The power of a mortgagor to waive the right of redemption, Acts 1899, p. 279, § 1, applies to foreclosures in chancery court only, and in no other case can the right of redemption be waived.

4. Where a mortgage provides for publication of notice of sale for thirty days, and the proof of publication of such notice shows that it was published once a week for three successive weeks, and it further appears that such notice was not served upon the debtor as a summons is served, such publication is not sufficient to satisfy

the requirement of the mortgage nor the law.  Kirby's Dig., §§ 4923, 4525.

5.  A mortgagee can be the buyer at the foreclosure sale only when the utmost fairness is shown to have existed.  55 Ark. 268, 273; 118 Mass. 554.

*Thomas & Lee,* for appellee.

1.  The mortgagor in this action could not redeem, she having made no effort to redeem for more than two years after the sale.  Kirby's Dig., § § 5416, 5420.

2.  The proof does not in any sense sustain the allegation of fraud in the cross-complaint, but on the other hand establishes that there was none.  The chancellor's finding is conclusive upon this question of fact.  91 Ark. 69; 90 Ark. 167; 73 Ark. 487; 67 Ark. 205; 68 Ark. 314; *Id.* 134; 44 Ark. 216.

3.  Appellee was a *bona fide* purchaser of the lands, for a valuable consideration, without notice of any fraud, or of claim of right to redeem or of defendant's being in possession.  145 U. S. 492; 72 Ark. 90; 71 Ark. 31; 64 Ark. 197.

McCULLOCH, C. J.  This litigation originated as an action at law instituted by appellee against appellant to recover possession of the tract of land in controversy, appellee claiming title under a mortgage executed by appellant and a foreclosure thereof, but the cause was transferred to equity on appellant's cross-complaint, and the attitude of the case now is that of an attack by appellant upon the validity of the sale, an effort to redeem therefrom, or to charge the purchaser with the price of the land at its present increased value.  Appellant owned the land originally and mortgaged it in the year 1905 to Elizabeth F. Smith to secure payment of a note of $500 executed for borrowed money, with interest at the rate of ten per centum.  The mortgage contained a power of sale and expressly authorized the mortgagee to become the purchaser at foreclosure sale.  The mortgage also contained an express waiver of the equity of redemption after sale and the requirement for appraisement under the statute.  The mortgagee, Mrs. Smith, foreclosed the

mortgage by public sale of the property on December 11, 1906, purchased the same herself and executed a deed reciting her own purchase at the sale. She traded the land in controversy, with other lands, to one Leslie, putting in this property as the testimony which she adduces tends to show, at the sum of a thousand dollars in value. Leslie sold or traded the land to one Wilson, who, in turn, sold or traded it to appellee.

This action to recover possession of the land was instituted after the expiration of the statutory period of redemption, appellant having remained in possession after the sale. She filed her answer and cross-complaint, upon which, as before stated, the cause was transferred to equity, in which she attacks the validity of the sale and also seeks to redeem from it. She alleges in her cross-complaint, among other things, that L. C. Smith, the husband of the mortgagee, Elizabeth F. Smith, who acted as her agent, had undertaken to negotiate a sale of the mortgaged land for her (appellant's) benefit and that the trade with Leslie was negotiated before the land was sold at the foreclosure sale, being put into trade at a valuation of $1,800.

There are numerous allegations in the cross-complaint concerning the invalidity of the sale; but none of them is sustained by the proof.

The basis of the controversy, as tried below, and to which testimony was adduced, was the alleged fraud on the part of the mortgagee, Mrs. Smith, and her husband, acting as her agent, in proceeding with the foreclosure sale after the alleged agreement to sell the land for appellant's benefit.

The chancellor's finding against appellant on this issue is not against the preponderance of the evidence. We think the evidence warranted the finding that no fraud was committed by the mortgagee or her husband.

It is unnecessary to consider the question whether appellee was an innocent purchaser.

One of the points of attack upon the foreclosure is that Mrs. Smith, the mortgagee, became the purchaser

at the sale. The mortgage contained a stipulation, as already stated, expressly conferring upon the mortgagee the right to purchase. This was a valid provision and gave the mortgagee the right to purchase the land at the sale, provided the sale was fairly conducted in accordance with the terms of the mortgage deed. *Ellenbogen* v. *Griffey,* 55 Ark. 268. The sale was, in fact, fairly conducted, at least, there is no proof which would warrant a finding otherwise.

It is urged here for the first time that the land was not appraised in accordance with the statute. The mortgage itself contained a provision waiving that requirement of the statute, but in the present state of the record we do not deem it necessary to decide the question whether or not a stipulation in a mortgage waiving the statutory requirement of appraisement is binding on the mortgagor. The deed itself exhibited with the complaint, does not contain any recital that the land was appraised. In order to make the deed valid on its face it should recite an appraisement of the land in accordance with the statute; or, if we were to hold that the statutory requirement can be waived, the deed should recite the waiver in order to appear valid on its face. The deed may, therefore, for the purposes of this decision, be treated as void on its face (*Stallings* v. *Thomas,* 55 Ark. 326); but it does not necessarily follow that appellant is entitled to any relief on that account. If the land was, in fact, appraised, the sale was valid, even though the deed be void, and a court of equity should reform the deed or treat it as reformed. The cause was tried in equity on appellant's cross-complaint, and though numerous attacks were made upon the sale this was not assigned as one of the grounds, but appellant asked to be permitted to redeem from the sale on other grounds. It has been held by this court that under those circumstances the failure to appraise will be treated as waived. *Dailey* v. *Abbott,* 40 Ark. 275. Appellant made no exceptions to the deed while the cause was pending in the court of law. After the transfer to equity appellee filed

an answer to the cross-complaint in which he affirmatively alleged that the land was in fact duly appraised in accordance with the statute. This allegation was not responsive to any allegation of the cross-complaint and should be treated as affirmative matter to which appellant should have entered a denial. At any rate, it is obvious that the question of no appraisement was not made an issue in the trial below, no proof was taken directed to it, and it is too late to raise the question here for the first time. Radcliffs v. Scruggs, 46 Ark. 96; American Mortgage Co. of Scotland v. Milam, 64 Ark. 305; First National Bank v. Waddell, 74 Ark. 241; Williams v. Bennett, 75 Ark. 312; Lowe v. Walker, 77 Ark. 103.

In Radcliffs v. Scruggs, supra, which involved an attack in the chancery court on a tax title, the Court, speaking through Judge SMITH, said:

"The tax title of Scruggs was not attacked for this reason, but for other and different reasons. The proofs taken were not directed to this point. But the county clerk attached to his deposition an extra official certificate of the assessor for the year 1868, which bears date of February 18, 1869. And the date of this paper, it is argued, fixes the date of the filing of the assessment list, in the absence of evidence to show the true date * * * It would be an injustice to parties litigant to adjudicate their rights upon issues that were never raised in the court below. A plaintiff can not be permitted to recover upon a case not made by his bill."

So, in the present case it would be unjust to determine the cause here on the question whether or not there was an appraisement of the land when appellant failed to make that a basis of her attack on the sale and did not even notice in her pleadings appellee's positive allegation that there had been an appraisement.

Our conclusion upon the whole case is that the attack made by appellant upon the validity of the sale and upon the fairness of the transaction with said mortgagee and

her husband is not sustained by the evidence. The decree is therefore affirmed.

Kirby, J., dissents