## BUXTON *v.* CITY OF NASHVILLE.

## Opinion delivered February 11, 1918.

1. LOCAL IMPROVEMENT — ORGANIZATION — OBJECTIONS.—Under Act 125, Acts of 1913, where it is sought to establish a local improvement district, the finding of the city counsel that the signers of the petition constitute a majority in value is conclusive, unless within thirty days thereafter suit is brought to review the action of the council, in the chancery court of the county in which such city or town lies.

2. LOCAL IMPROVEMENT—ORGANIZATION—ATTACK UPON—ISSUE NOT RAISED BELOW.—In an attack upon the validity of the organization of an improvement district, the issue that the ordinance was passed by the city council on Sunday can not be raised for the first time on appeal.

3. JUDICIAL NOTICE—DAYS OF THE WEEK—ACT DONE ON SUNDAY—ISSUE RAISED, HOW.—While courts will take judicial notice of the days of the week, when the issue is raised as to whether a particular date was on Sunday or some other day, yet to call for a decision of the court to this effect the direct issue should be first raised by the pleadings and proof.

4. LOCAL IMPROVEMENT—ORGANIZATION—BOUNDARIES.—In an attack upon the validity of the organization of a local improvement district it was claimed that the district included land outside the corporate limits of the city. In support of this contention, proof of the petition filed for the formation and organization of the town was made. *Held,* in the absence of a showing that the petition was granted, the finding of the chancellor that the district in issue did not extend beyond the city limits, would not be disturbed on appeal.

5. LOCAL IMPROVEMENT—COST OF CONSTRUCTION.—In an attack upon the organization of a local improvement district, it was sought to be shown that the cost of the improvement would exceed forty per cent. of the value of the property in the district, by the testimony of a witness, who stated that the price of construction material had greatly advanced. *Held,* the attack would fail, where it appeared that the witness had not seen the plans nor the estimated cost of the improvement as furnished by the commissioners.

6. LOCAL IMPROVEMENT—COST—POWER OF COMMISSIONERS.—It will be presumed that the board of commissioners of an improvement district will not enter into a contract for the making of an improvement, the cost of which will exceed the statutory limit. The board has full authority to change the original plan and to reform the same, or to make new plans so that the cost of the improvement contemplated will not exceed the statutory limit.

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*W. C. Rodgers,* for appellants.

1. No petition as required by law was ever presented. A majority of land owners did not sign. The cost exceeded the limit. The limits extended beyond the city and embraced territory disconnected with the city. It was not necessary to bring this suit within the thirty days. *Pope* v. *Nashville,* ms., is not conclusive of this case. Appellants were not parties to that suit. 34 Ark. 291, 302; 35 *Id.* 62, 67; *Ib.* 450; 36 *Id.* 196. *Res judicata* can not be invoked. 66 Ark. 336; 96 *Id.* 87.

2. Petitioners may withdraw their names from a petition. 40 Ark. 290; 70 *Id.* 175; 77 *Id.* 122; 70 *Id.* 175. See also 105 Ark. 77; 121 *Id.* 276; 110 *Id.* 402.

3. A petition was filed within the thirty days allowed by the act. But the council was not in session until November 19, 1916, etc.

*W. P. Feazel,* for appellees.

1. The complaint was not filed within the thirty days allowed by law. Kirby & Castle's Digest, § 6826; *Jacobs* v. *City of Paris,* 131 Ark. 28; *Pope* v. *City of Nashville,* 131 Ark. 429. The thirty days statute was pleaded and is conclusive.

2. Argues the other questions raised.

### STATEMENT OF FACTS.

This is a suit by the appellants against the appellees to enjoin proceedings under certain ordinances establishing improvement districts in the city of Nashville.

The petition for injunction sets up, among other things, that no petition as required by law had ever been presented to the council of the city of Nashville to lay off the land mentioned in the ordinances; that a majority of the owners had not petitioned the city council praying for such improvements to be undertaken; that the improvements contemplated in the districts would cost the property owners more than two-fifths of the assessed value of all the real property in the districts; that before any pe-

tition of any kind had been presented to the city council, purporting to contain the names of a majority in value of the owners of real property in the territory, owners in the territory affected who had signed the petitions asked that their names be withdrawn and that the enterprise contemplated be abandoned; that without such signatures there would not be a majority in value of the owners of real property in the district; that the council ignored the request of the petitioners; that the districts as set out in the ordinances extended beyond the bounds of the limits of the incorporated city of Nashville and embraced territory outside of and entirely disconnected from the city of Nashville; that since the petitions were filed and acted upon the conditions brought about by the war have made it impossible for the improvements to be made except at a cost exceeding 40 per cent. of the value of the real property in the districts.

The defendants answered, denying the allegations of the complaint, and, among other things, set up affirmatively, "that the city council of said city of Nashville, Arkansas, on the 19th day of November, 1916, at a meeting in which all the aldermen were present, proceeded to hear the petition and then and there found that the total value of the real estate situated in each of said improvement districts, the boundaries of which are identical, as shown by the last county assessment on file in the county clerk's office of Howard County, Arkansas, was $361,553, and that the real property owned by the signers of each of said petitions, situated in said district, was more than $191,000, and that each of the petitions for the improvements in said district has a majority in value as shown by the last county assessment, all of which will appear by a copy of said proceedings had before said council on the said 19th day of November, 1916, in reference to said petition, hereto attached, marked exhibit A and B and made a part of this answer, and that the plaintiffs or no one else by suit or otherwise in the Howard Chancery Court attempted to have the findings and proceedings of said council in regard to its said findings re-

viewed within thirty days after said findings were had, as provided by section 6826, Kirby & Castle's Digest, and the plaintiff is now for that reason barred and precluded from calling in question the findings of said council on said petition to the effect that the signers thereof constitute a majority in value of the real property situated within said district, and they here plead the thirty days limitation as a bar to plaintiff's right to maintain this suit or to call in question the correctness of the council's finding that petitions did contain a majority of the real property situated in said districts.''

After hearing the testimony, the court found that ''the action and finding of said council in regard to said petitions is conclusive unless suit is brought to review the action of said council within thirty days after said finding, and that in this case no such suit was brought, and that the plaintiffs are now barred by statute of limitations,'' and dismissed the action.

WOOD, J., (after stating the facts).    (1)    The finding and judgment of the court were correct.    The districts which were challenged by the proceedings instituted in the chancery court were formed under act 125 of the Acts of 1913, approved March 3, 1913.    The first section of that act, among other things, contains a provision that, ''the owners of real property within such district shall be heard before the council which shall determine whether the signers of said petition constitute a majority in value, and the finding of the council shall be conclusive unless within thirty days thereafter suit is brought to review its action in the chancery court of the county where such city or town lies.''

This suit was instituted in the chancery court of Howard County June 4, 1917, and the complaint, on its face, shows that the districts whose validity are called in question were created by ordinance passed ''some time in the year 1916.''    It thus appears that more than thirty days had elapsed after the ordinances establishing the districts were passed before this suit was instituted.

This court, in the recent cases of *Jacobs et al.* v. *City of Paris,* 131 Ark. 28, and *Pope* v. *City of Nashville,* 131 Ark. 429, decided that the above statute was a valid exercise of legislative power and that after the expiration of the time prescribed the finding of the council that the petition was signed by a majority in value of the owners of the real property in the district could not be questioned. This disposes of appellant's contention that the majority in value of the owners of real property in the territory embraced in the improvement district had not signed the petitions designating the improvement to be undertaken.

(2) The appellant contends that the ordinances establishing the districts were passed on Sunday. The issue that the ordinance was passed by the city council on Sunday was not raised in the court below and can not be raised here for the first time. *Martin* v. *McDiarmid,* 55 Ark. 213; *Southern Ins. Co.* v. *Hastings,* 64 Ark. 253. See also *Newton* v. *Russian,* 74 Ark. 88; *White* v. *Moffett,* 108 Ark. 490.

Counsel for appellant contends that inasmuch as their complaints did not allege that the action of the council was not taken on Sunday, and inasmuch as the answer of the appellee and the proof introduced by them show that the ordinance was passed on November 19, the same being Sunday, that, in this manner, the issue was raised. Now the city council had jurisdiction to pass the ordinance, and if the appellants intended to challenge the validity of the ordinance on the ground that it was passed on Sunday they should have expressly set up that ground in their complaint, or specifically directed the attention of the court to that fact when the testimony was introduced showing that the ordinance was passed on the 19th of November.

The allegations of the appellee's answer that the council on the 19th of November, 1916, "proceeded to hear the petition" *et cetera,* was an averment by way of a recital in their plea of limitations and likewise the testimony of the city recorder to the effect that the records of the city council show that the council on the 19th of November

passed the ordinance was merely a recital of what the records in his office showed.   But all this was not sufficient to raise the affirmative issue before the trial court that the ordinance was void because passed on Sunday.

(3)   While courts will take judicial notice of the days of the week when the issue is raised as to whether a particular date was on Sunday or some other day, yet to call for a decision of the court to this effect the direct issue should be first raised by the pleadings and the proof. Unless the issue is thus expressly raised and the proof directed towards that issue the court would not have an opportunity to pass upon it.

If appellant had challenged the ordinance on the ground that the same was void because passed on Sunday then the appellees would have been called upon to deny or to confess that such was the case.   If the allegations had been denied, proof could have been taken, directed specifically to this issue.

Such was not the case in the court below, and the date mentioned in the appellee's answer and also in the testimony of the recorder was, as already stated, by way of recital merely, and for aught that appears to the contrary, may have been so put down through the misprision of the recorder, or the draftsman of appellee's answer and plea of limitations.   To permit appellants to remain silent, in the court below, on the issue as to whether the date mentioned was Sunday and to invoke here the doctrine that the court will take judicial cognizance of the fact that such date was on Sunday, would be tantamount to firing upon the holdings of the trial court from a battery that was kept masked in the court below.   This can not be done.   *Keller* v. *Whittington*, 106 Ark. 525, and cases cited.

(4)   Appellants contend that the undisputed evidence shows that the district in question extended beyond the city limits of the city of Nashville.   To sustain this contention they rely upon the testimony of the clerk of the county court of Howard County to the effect that he had in his possession the petition which had been filed for

the formation and organization of the town of Nashville in the year 1883 and the territory described in the petition and incorporated into the town was as follows (describing the territory). Witness then stated that in 1906 and also in 1909, petitions were filed for the annexation of certain territory, described therein, to the town of Nashville.

After describing the territory set forth in these petitions, the witness stated that a map of the territory was filed as a part of the petition. But witness nowhere testified that the county court granted these petitions nor is there any order or judgment of the court adduced in evidence showing that the petitions were granted. The appellants, therefore, do not show that any territory was included in the districts which lies outside of the corporate limits.

(5-6) Another contention made by appellants is that the uncontradicted evidence shows that the improvements contemplated will cost more than 40 per cent. of the value of the real property in the district, thereby exceeding the limit prescribed by law. To sustain this contention appellant relies upon the testimony of a witness who states that he had been in the oil business for the last two or three years, and was familiar to some extent with the market value of tiling, piping and like material, and that material of this kind was very much higher than in June, 1916; that labor was also much higher; that a plant for waterworks and sewer system costing $90,000 in June, 1916, would cost as much again at the present time; that a conservative estimate of the cost now would be $150,000. In *Kirst* v. *Improvement District No.* 120, 86 Ark. 1, we said: "Whether the improvement can be made within this limit (20 per cent. of the assessed value) can and must be ascertained at the outset. After the consent of a majority in value of the property holders has been obtained and evidenced as required by law, the first step to be taken is the appointment of a board of improvement which shall immediately form plans for the improvement and procure estimates of the cost. The cost being ascer-

tained, its comparison with the value of the real property in the district as shown by the last county assessment, will disclose whether it exceeds 20 per centum of that value, and, if it does, the improvement should not be undertaken, unless the plans can be so changed as to reduce the cost within the statutory limit.''

The presumption is that the board of commissioners of the improvement district will not enter into a contract for the making of an improvement, the cost of which will exceed the statutory limit. The board has full authority to change the original plan and to reform the same or make new plans so that the cost of the improvement contemplated will not exceed the statutory limit. Now the testimony upon which the appellant relies does not show that the witness had ever seen the plans of the two districts or the estimated costs of the improvements as furnished by the board of commissioners. The above testimony is not sufficient to overcome the presumption that the board will do its duty, obey the statute, and hold the cost of the improvement within the statutory limit.

Appellants have not shown any sufficient ground for invalidating the improvement districts in controversy and the decree of the chancery court dismissing their complaint is therefore correct and is affirmed.