AMERICAN INVESTMENT COMPANY v. HILL.

Opinion delivered April 4, 1927.

1. HIGHWAYS—VALIDITY OF ORDER LEVYING IMPROVEMENT ASSESSMENTS.—An order of the county court levying road improvement assessments against lands, pursuant to Road Acts 1919, p. 1251, § 9, is not void because entered in a separate record book from the regular book in which the court's orders were entered, which separate record was for road improvement district matters, and contained no opening or adjourning orders, and was not signed by the judge.

2. COURTS—SIGNING RECORDS.—The requirement that the judge sign this record before final adjournment cannot avoid orders made and judgments rendered by him without signing the record, as such requirements are directory.

3. JUDGMENT—FAILURE TO ENTER.—Orders made and judgments rendered by courts of record are not void on account of failure to enter them in the record book, since, if actually made, they may be entered *nunc pro tunc* at any subsequent time.

4. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—In a suit to cancel a sale of land for improvement tax, contention that the order levying the tax was void because it did not show the estimated cost of the improvement cannot be raised for the first time on appeal.

5. APPEAL AND ERROR—QUESTION NOT RAISED BELOW.—In a consolidated suit to foreclose a mortgage and to cancel a sale of land for highway improvement tax, the question whether a *lis pendens* was filed in the tax foreclosure proceedings, not raised in the trial court, cannot be raised for the first time on appeal.

6. EQUITY—DECREE IN VACATION.—Under Crawford & Moses' Dig., § 2190, the chancery court is authorized, under Crawford & Moses' Dig., § 2190, to render opinion and sign decree in vacation, where the cause was submitted and tried in term time.

7. EQUITY—REQUIREMENT OF SIGNING DECREE.—Parties *held* to have waived the requirement that the chancellor sign a decree by approving it.

Appeal from Prairie Chancery Court, Northern District; *John E. Martineau,* Chancellor; affirmed.

*Craig & Wimmer* and *Evans & Evans,* for appellant.

*Emmet Vaughan,* for appellee.

HUMPHREYS, J.  This is an appeal from a decree rendered by the chancery court of Prairie County, Northern District, and entered in vacation, in consolidated cases Nos. 752 and 773.  Case numbered 752, entitled American Investment Company *v.* Robert Hill, is a foreclosure suit, and case numbered 773, entitled R. W. Kenyon and American Investment Company *v.* Robert Hill, is a suit to cancel a tax sale of the real estate described in the mortgage sought to be foreclosed, made on the 31st day of December, 1922, by E. E. Stock, commissioner in chancery, for road improvement taxes assessed against same for the year 1920.

The consolidated case was heard upon the pleadings, exhibits thereto, and oral and documentary testimony, which resulted in a finding that the tax sale was valid, and a decree in words and figures as follows:

"Thereupon it is considered, ordered and adjudged and decreed by the court that the plaintiff, the American Investment Company, have and recover of and from the defendant, R. W. Kenyon, the sum of $431.41, and all cost

of this proceeding, for which execution may issue at law. It is further considered, ordered, adjudged and decreed by the court that the complaint of the plaintiffs against the defendant, Robert Hill, be and the same is dismissed for want of equity, and the cost as to the proceedings against the said Robert Hill be and the same are hereby adjudged against the plaintiff, the American Investment Company and R. W. Kenyon, and that the title to the said north half of the southeast quarter and south half of the northeast quarter of section 30, township 4 north, range 5 west, be and the same is hereby forever quieted in the said Robert Hill as against said plaintiffs, the American Investment Company and R. W. Kenyon, and that the said Robert Hill is entitled to a writ of possession thereto, upon application to the clerk of this court.''

Appellants seek a reversal of the decree upon the alleged grounds, first, that there was no legal levy of improvement assessments; second, that no *lis pendens* was filed in the suit foreclosing the lien for improvement taxes; and, third, the decree was void because entered in vacation and not signed by the chancellor.

(1). The contention is made that the order of the county court levying the improvement assessments on the 29th day of March, 1920, against the lands in the district, is void because entered in a separate record book from the regular record book in which decrees and orders were entered, which separate record contained no opening nor adjourning orders of the court, and which was not signed by the county judge; it also appeared that the county judge did not sign the order of adjournment which was found on the regular record of the county court of date. March 29, 1920. Section 9 of act 302 of the Acts of the Legislature 1919, Road Acts, vol. 1, page 1251, requires that the county court shall, at the time the assessment of benefits is filed, or at some subsequent time, enter upon its records an order, which shall have the force of a judgment, providing that there shall be assessed upon the real property of the district a tax sufficient to pay the

estimated cost of the improvement, with 10 per cent. added for unforeseen contingencies. It appears that the order in question was spread on the road improvement district record. We know of no good reason why the county court could not provide a separate record for the entries of orders pertaining to road improvement district matters, for purposes of convenience, rather than spreading them upon the same record book provided for entering orders made and judgments rendered by him. The requirement that a judge sign the record before final adjournment cannot void the orders made and judgments rendered by him, because such requirements are directory, and not mandatory. *Fernwood Mining Co.* v. *Pluna,* 136 Ark. 107, 205 S. W. 822. Orders made and judgments rendered by courts of record are not void on account of a failure to enter same in a record book. If actually made, such orders and judgments may be entered *nunc pro tunc* at any time subsequent to making the orders or the rendition of judgments.

Appellant also contends that the order is void because the testimony of the county judge was to the effect that he did not approve the original order of March 29, 1920, levying the taxes in said road improvement district. We do not so construe the testimony of the county judge. He seems to have at first thought that the district was organized before he became county judge, but finally stated that he supposed he approved the assessments against the lands filed with the county clerk.

The further contention is made that the order is void because it did not show the estimated cost of the improvement contemplated. We do not understand that act 302, Acts 1919, makes such requirement. Section 7 of the act provides that the assessment list shall be filed with the clerk, and the record reflects that this was done. The question, however, may be disposed of on the ground that it was not raised in the court below and that it is too late to raise it on appeal,

(2). We are unable to determine from the record brought up whether a *lis pendens* was filed pending the

tax foreclosure proceedings. As we understand, that question was not raised in the trial court, and is raised here for the first time. It is too late to raise the question for the first time on appeal. *Keller* v. *Whittington,* 106 Ark. 525, 153 S. W. 808.

(3). The record reflects that the consolidated case was submitted on November 3, 1925, which was a regular day of the November term of court, and that the decree was rendered in vacation, and, after being approved by the attorneys for appellants and appellee, was spread of record. We think that, when the record shows that the case was submitted and tried in term time and decided in vacation, it necessarily follows that the court took the cause under advisement. Having taken the cause under advisement, the court was authorized by § 2190 of Crawford & Moses' Digest to render an opinion and sign a decree in vacation. It is true that the decree was spread of record without being signed by the chancellor, but appellants waived this requirement by approving the decree. The decree was approved by the attorneys for both appellants and appellee.

Appellants did not bring this suit and offer to redeem from the tax sale within the time provided for redemption from tax sales.

No error appearing, the decree is affirmed.