Aca MURPHY, Jr. v. STATE of Arkansas

CR 80-46                                           599 S.W. 2d 138
Supreme Court of Arkansas
Opinion delivered June 2, 1980

*Ronald L. Griggs*, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davies Scott*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. Aca Murphy, Jr. was placed on five years probation in 1977 in connection with a conviction of theft of property.

In May, 1979, he was found guilty of burglary. The circuit court found that he had violated his parole and fined him $1,000, but continued him on probation.

About two months later, on the 16th of July, 1979, Murphy was convicted in the Magnolia Municipal Court of loitering in violation of Ark. Stat. Ann. § 41-2914(g) (Repl. 1977). Two weeks after Murphy was convicted, the prosecuting attorney for Columbia County filed a petition in Columbia County Circuit Court to revoke the probated sentences alleging the two violations of parole as cause for the revocation.

The circuit court found Murphy was convicted by the municipal court, as alleged, and revoked the probated sentences; he sentenced Murphy to seven years imprisonment on the theft conviction and seven years on the burglary conviction, the sentences to run concurrently.

Murphy alleges three errors on appeal, all related to whether he was guilty of loitering.

It is not disputed that Murphy was convicted in municipal court as alleged. Neither is it disputed that he filed no appeal from that conviction. The petition to revoke his probationary status was filed before his time for appeal had lapsed, so he was on notice the conviction would be used as a ground to seek his imprisonment.

Even so, the trial court permitted Murphy to relitigate the question of his guilt at the revocation hearing.

We review such decisions differently than we do a conviction. A conviction requires a finding of guilt beyond a reasonable doubt. A revocation order will be sustained unless we find it is clearly against the preponderance of the evidence. *Ellerson* v. *State*, 261 Ark. 525, 549 S.W. 2d 495 (1977); *Cogburn* v. *State*, 264 Ark. 173, 569 S.W. 2d 658 (1978).

Murphy's argument on appeal is that his identification was unfair, unduly suggestive; he should have been afforded an attorney at the time he was identified and the court's finding was not supported by a preponderance of the evidence.

The trial court would not have been required by law to permit Murphy to relitigate the question of his guilt. The conviction in municipal court, as well as the prior conviction for burglary, would have been good cause for the judge to have revoked his status of probation. Ark. Stat. Ann. § 41-1208 (Repl. 1977). However, the trial judge did permit the question of Murphy's guilt to be relitigated, and since all the issues raised on appeal relate to Murphy's guilt, we will discuss them.

Muprhy was seen outside the bedroom window of a woman's house trailer late at night. She realized she was being watched and saw Murphy head-on outside her window. She closed the curtains, turned off the lights and called the police. Several police cars converged on the area and Murphy was taken into custody shortly thereafter. About twenty-five

minutes later the complaining witness went to the police station and as the vehicle she was in drove by, she identified Murphy as he was getting out of the police vehicle. It is this identification that Murphy alleges was illegal. There is no evidence at all that the police used bad faith in the identification. In *Lindsey* v. *State*, 264 Ark. 430, 572 S.W. 2d 145 (1978), we listed four criteria for determining if an identification was too suggestive and, therefore, illegal. First, is the matter of the time between the crime and the confrontation. In this case it was very short. Second, is a consideration of the attentiveness of the witness and the opportunity to view the accused at the time of the crime. The witness said she saw Murphy head-on and had an opportunity to identify him. Third, the accuracy of the victim's description must be considered. She identified the clothing worn by Murphy and it coincided with the clothing that Murphy had on a short time later when the police apprehended him. She gave an otherwise general description of his features. Finally, there is the level of certainty of the victim. The witness said she was certain.

We cannot say, on the basis of the record, that the trial judge was clearly wrong in finding no error. A person is not entitled to have a lawyer present at such an identification. *Hinton* v. *State*, 260 Ark. 42, 537 S.W. 2d 800 (1976); *Pollard* v. *State*, 258 Ark. 512, 527 S.W. 2d 627 (1975); *King* v. *State*, 253 Ark. 614, 487 S.W. 2d 596 (1972). See also *Lindsey* v. *State*, *supra*.

The trial judge found that not only had Murphy been convicted, but that he was satisfied that, in fact, Murphy was guilty. We cannot say that finding is against the preponderance of the evidence. As we have pointed out before in cases involving revocation of a sentence, Murphy was imprisoned for his original misconduct, not for what might appear to be a simple act of loitering. Ark. Stat. Ann. § 41-1208(6) (Repl. 1977). The trial judge noted that he had given Murphy a second chance when he pled guilty to burglary and he could not give him a third chance.

Affirmed.