Tracy STANDRIDGE *v.* STATE of Arkansas

CR 86-144                                   717 S.W.2d 795

Supreme Court of Arkansas
Opinion delivered October 20, 1986

*John W. Settle*, by: *J. Fred Hart, Jr.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Robert A. Ginnaven, III*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. ■ In this appeal we are asked to decide whether a term of probation begins to run from the day it is ordered in court or from the day the judgment is filed. Our jurisdiction to hear this case is pursuant to Sup. Ct. R. 29(4)(b) as the court of appeals certified this case to us because it involves an issue of first impression in the law of sentencing. We hold that a sentence is in effect from the time it is pronounced in open court.

The appellant pled guilty in open court on October 2, 1985 to burglary, attempted burglary, and attempted theft of property and was placed on supervised court probation for one year, fined $1,000 plus court costs, payable at the rate of $100 monthly, beginning November 1, 1985, and imposition of sentence was suspended for a period of five years. The judgment was not filed until October 8. Also on October 8, a petition to revoke the suspended imposition of sentence was filed alleging that appellant failed to report to his probation officer on October 4. On November 25, 1985 an amended petition to revoke was filed alleging that appellant committed the offense of forgery on October 3, 1985. A hearing was held on November 27, 1985, after which appellant's suspended imposition of sentence was revoked and he was sentenced to a term of five years imprisonment. Appellant claims the trial court was without jurisdiction to revoke the suspended imposition of sentence for an act occurring on

October 3, since the judgment ordering probation and suspending imposition of sentence was not filed with clerk of the court until October 8. He also challenges the sufficiency of the evidence to revoke.

Prior to the adoption of the criminal and civil rules of procedure it was generally accepted that a judgment was effective from the date it was rendered and not from the date it was entered of record since the pronouncement of the judgment in court was the act of the judge, and the ministerial act of recording the judgment was the act of the clerk. *American Investment Co.* v. *Hill,* 173 Ark. 468, 292 S.W. 675 (1927); *McConnell* v. *Bourland,* 175 Ark. 253, 299 S.W. 44 (1927).

In civil matters, the Arkansas Rules of Civil Procedure now provide that a judgment or decree is effective only when entered. Rule 58. This rule of law is not applicable, however, in criminal cases.

Although this issue has not previously been decided in Arkansas, inferences can be drawn from our rules of criminal procedure, statutory provisions, and case law.

Arkansas R. Crim. P. Rule 36.4 provides that upon a finding of guilty, sentence may be pronounced and the judgment of the court may then and there be entered, or sentencing and the entry of the judgment may be postponed to a date certain. Since the sentence may be pronounced immediately it necessarily follows that it becomes effective as of the date of rendition.

Arkansas Stat. Ann. § 41-1206(1) (Repl. 1977) provides, "a period of suspension or probation commences to run on the day it is imposed." The commentary after the statute states that "[p]revious statutory authority was silent as to when a probationary period began to run and provided that a period of suspension began to run from the date of the plea or verdict of guilty." The commentary interprets subsection (1) as starting "a period of suspension or probation on the date the court orders such action. This coincides with the rule that a term of imprisonment begins to run on the day sentence is imposed. Ark. Stat. Ann. § 43-2813 (Supp. 1973)." Although we are not bound by the commentary to the criminal code, we have held that it should be adopted "unless we are clearly convinced that it is erroneous or

that it is contrary to the settled policy of this state, as declared in the opinions of this court." *State* v. *Reeves*, 264 Ark. 622, 574 S.W.2d 647 (1978). This provision is not contrary to public policy.

Similarly, our statutes require that a person shall not have a judgment rendered against him in case of felony, except in his presence, Ark. Stat. Ann. § 43-2302 (Repl. 1977), and that the law in relation to the sentence he faces and the sentence shall be read to him in court and the consequences fully explained "so that such person convicted and sentenced, shall in no instance be deemed ignorant of the sentence pronounced on him." Ark. Stat. Ann. § 43-2305 (Repl. 1977). The statutes clearly contemplate that judgment shall be pronounced in open court and that any period of imprisonment, suspension or probation shall also be imposed at that time.

In *Lovett* v. *State*, 267 Ark. 912, 591 S.W.2d 683 (1980) we explained that, although Ark. R. Crim. P. Rule 36.4 provides that sentencing may occur immediately or be postponed within a specified time frame, "there is no provision indicating that a failure to observe this stipulation in any way affects the validity of the proceedings resulting in the conviction of a defendant." We then found it permissible for the court to enter a *nunc pro tunc* judgment setting out the conviction. This is permissible because the operative act is the oral pronouncement of sentence.

In holding that a sentence is effective from the date it is imposed we align ourselves with treatises and with the courts of other states. *See e.g.*, 4 Wharton's Criminal Procedure § 609 pp. 201-202 (12th ed. 1976), "A judgment of guilty becomes final when sentence is pronounced. The judgment must be rendered in open court . . ."; 49 C.J.S. *Judgments* § 106 p. 229 (1947), "[T]he great weight of authority is that the entry of judgment is a ministerial or clerical act, . . . and consists of placing a judgment previously rendered on the record, . . ."; 21 Am Jur 2d *Criminal Law* § 534 p. 884 (1981), "The rendition of a sentence or judgment is the judicial act of a court as distinguished from the entry of the judgment which is a ministerial act of spreading it on the record"; *Flowers* v. *State*, 351 So.2d 387 (Fla. App. 1977), "[T]he completion and filing of the authorized form of judgment and sentence [are not] a condition to a valid sentence. The

judgment of guilt must . . . 'be rendered in open Court and in writing, signed by the judge, filed, and recorded'. . . . That requirement should not be read as suspending the effect of the sentence pronounced in open court until the paper is filed. . . ."

Accordingly, we hold that appellant's first point is without merit as the trial court had jurisdiction to revoke the suspended imposition of sentence for an act occurring after the date the sentence was declared in court. The date the judgment was filed is inconsequential in this instance.

██ Appellant next contends that there was not sufficient evidence to revoke. "[A] suspension may be revoked if the court finds by a preponderance of the evidence that the defendant has 'inexcusably' failed to comply with a condition of the suspension. . . . In reviewing an order of revocation we affirm unless we find the court's order to be clearly against the preponderance of the evidence." *Cogburn v. State*, 264 Ark. 173, 579 S.W.2d 658 (1978), citing Ark. Stat. Ann. § 41-1208(4) (Repl. 1977); *Murphy v. State*, 269 Ark. 181, 599 S.W.2d 138 (1980).

Appellant pled guilty to the offenses of burglary, attempted burglary, and attempted theft of property and was sentenced on October 2, 1985. The petition to revoke and an amended petition to revoke alleged that appellant failed to report to his probation officer on October 4 and committed the offense of forgery on October 3. Both, if true, are violations of the terms of appellant's probation. It is the sufficiency of the evidence of the crime of forgery that is being questioned in this appeal.

The evidence was sufficient. Linda Jordan, a teller at First National Bank in Fort Smith, testified that appellant presented her with a check payable to Brent Atkins and drawn on the account of Cindy McHenry on Oct. 3, 1985. Appellant also gave her Brent Atkins' driver's license. The computer indicated that the check had been stolen. Appellant left the bank driving a red Volkswagen before the branch manager could confront him.

Cindy McHenry testified that a book of her checks had been stolen and that the signature on the check appellant presented to the teller was not hers.

Detective David Chapman testified that he interviewed Brent Atkins and discovered that he did not own a red Volks-

wagen and that he had lost his driver's license at a Food 4-Less. A handwriting sample revealed that, in the officer's opinion, Atkins' signature did not resemble that on the check. The detective also testified that appellant's brother was employed at a Food 4-Less and he occasionally let appellant borrow his red Volkswagen.

Sheila Hickey testified that she is also a teller at First National Bank and that, on a different date, the appellant counter-endorsed a check payable to James Stewart and drawn on the account of Cindy McHenry. Ms. Hickey stated that another person was with appellant who identified himself as the payee of the instrument.

Appellant testified in his own behalf that he did counter-endorse the check to help an acquaintance known to him only as "Jim". He denied the other transaction.

The court's finding as to the offense of forgery was not against a preponderance of the evidence.

Affirmed.