Robert Vincent LEHENY *v.* STATE of Arkansas

CR 91-180                                          818 S.W.2d 236

Supreme Court of Arkansas
Opinion delivered October 21, 1991

*Lyons & Emerson*, by: *Scott Emerson*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Robert V. Leheny, argues for reversal of his conviction of endangering the welfare of a minor in the second degree. His primary allegation of error is that the charge was improper because the offense of endangering the welfare of a minor was not intended to encompass allegations of sexual misconduct. We agree. Accordingly, we reverse on statutory construction grounds, and we will not address appellant's other arguments for reversal.

The state originally charged appellant, former elementary school principal at St. Paul Catholic Church School in Pocahontas, with both sexual abuse and endangering the welfare of a minor in the second degree. Ark. Code Ann. §§ 5-14-108 and 5-27-204 (1987). To support these charges, the state presented the testimony of the alleged victim, an eight-year-old female student at the school, and the testimonies of the child's former school teacher and a government investigator. The teacher and the investigator related statements that the child had made to them about appellant's conduct.

The most incriminating evidence gleaned from these testimonies was that appellant had taken the child to his school office, where he placed the child in his "hard lap." (The government investigator, Wilma Rogers, testified that the child told her that appellant's lap felt like a "hard stick.") The child further testified that appellant rubbed her on the leg and under her arms. All of this supposed contact between the child and appellant occurred during school hours while both were fully clothed.

At the close of the state's case, appellant moved for a directed verdict on both the sexual abuse charge and the endangerment charge. Although the court commented that the sufficiency of the evidence was "really thin," the court denied appellant's motions. Appellant renewed his motions following the presentation of his defense. Again, the court denied appellant's motions, and instructed the jury on the elements of both offenses.

Section 5-14-108 provides that an adult who engages in sexual contact with a person that is less than fourteen and not his spouse is guilty of sexual abuse in the first degree. In the instant

case, the only disputed element of this offense was the sexual contact element. The trial court properly instructed the jury that "sexual contact" means any act of sexual gratification involving the touching, directly or through the clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(8) (1987). To support the sexual abuse charge, the state relied on the testimony about appellant holding the child on his "hard lap," and improperly rubbing and touching the child.

The jury ultimately acquitted appellant of sexual abuse. However, we have reviewed the state's proof on the sexual abuse charge in order to explain our reversal of appellant's conviction on the endangerment charge. Section 5-27-204 sets out the elements of endangering the welfare of a minor child:

> (a) A person commits the offense of endangering the welfare of a minor in the second degree if he knowingly engages in conduct creating a substantial risk of serious harm to the physical or mental welfare of one known by the actor to be a minor.

In the instant case, the state relied on the same evidence to support the endangerment charge that it relied on to support the sexual abuse charge. However, the Commentary to the endangerment statute specifically provides, "This section is designed to safeguard minors and incompetents from deletrious *non-sexual* activities." (Emphasis supplied.) We adhere to the Commentary to the criminal code unless we are clearly convinced that it is erroneous or contrary to the settled policy of the state. *Standridge* v. *State*, 290 Ark. 150, 717 S.W.2d 795 (1986). In the instant case, we find that the Commentary means exactly what it says. We certainly cannot say that it is contrary to settled policy for the legislature to provide for sexual offenses under another section of the criminal code. Furthermore, we are mindful of the basic criminal law maxim that criminal statutes are to be strictly construed and any doubts are to be resolved in favor of the defendant. *Knapp* v. *State*, 283 Ark. 346, 676 S.W.2d 729 (1984).

In order to evade the legislature's obvious intent to exclude sexual offenses from prosecution under the endangerment stat-ute, the state argues that the endangerment charge was supported by the child's testimony regarding appellant's "non-sexual"

conduct. To support this argument, the state cites specifically to the child's testimony that appellant got mad and swung her backpack at her.

■ We do not believe the state's "non-sexual" argument. Clearly, the state relied throughout the trial on the sexual connotations of appellant's alleged conduct to support the endangerment charge. Following appellant's motion for a directed verdict on the endangerment charge, the state explicitly argued that the endangerment offense encompassed appellant's alleged sexual misconduct. The state also focused solely on the sexual allegations in both its opening statement and closing argument. In sum, the testimony regarding the backpack incident fills merely a few lines of a 407 page trial transcript. We therefore cannot believe that the state charged appellant with endangerment based on his "non-sexual" conduct of swinging the child's backpack on one occasion.

The state obviously charged appellant under the endangerment statute because it hoped to convict appellant of "something" in the event of acquittal on the sexual abuse charge. However, the Commentary explicitly provides that the endangerment offense should not be used as an alternative to sexual offense charges. Since we agree with appellant that the state's case centered on allegations of sexual abuse, we believe that the endangerment charge was improper.

■ Even if we accept the state's argument that the testimony concerning the backpack provided the basis for the endangerment charge, we find that such evidence is insufficient to support appellant's conviction. Viewing the "backpack" testimony in the light most favorable to the state, we find no evidence in the record that this single incident posed a substantial risk to the physical or mental welfare of the child. The child testified that she was crying when she went back to her classroom after the incident. While the child may well have been upset, we cannot equate an upsetting incident with an incident posing a substantial risk to the physical or mental welfare of a child. As appellant points out, all children are upset by their principal to some degree. However, we cannot base a criminal conviction on evidence that an elementary school principal upset one of his students. Since the state did not present evidence concerning the extent to which the

"backpack" incident affected the child's mental welfare, we find that there was insufficient evidence to support the endangerment charge. Accordingly, we reverse and dismiss.

HOLT, C.J., and HAYS, J., dissent.

STEELE HAYS, Justice, dissenting. The evidence by the state was that the appellant rubbed the victim, an eight-year-old female, under her arms and on her legs and thighs, that he would hold her tightly on his lap and would not let her go. The child compared his lap to a "hard stick," and, "I felt something hard in his lap that made me scared." There was testimony that the child was deeply troubled by these episodes and was nervous, withdrawn and frightened and did not want to go to school. The jury found that evidence credible and therefore the appellant's conduct comes within the proscription of Ark. Code Ann. § 5-27-204(a) (1987):

> (a) A person commits the offense of endangering the welfare of a minor in the second degree if he knowingly engages in conduct creating a substantial risk of serious harm to the physical or mental welfare of one known by the actor to be a minor.

The majority relies on the Commentary to Ark. Code Ann. § 5-27-202 (1987). But the Commentary merely suggests the statute is "designed" to protect minors and incompetents from deletrious non-sexual activities, hardly the same as stating that the statute has no application to sexual offenses. Besides, the Commentary is advisory, whereas the language of the statute, if plain, is obligatory. *Britt* v. *State*, 261 Ark. 488, 541 S.W.2d 84 (1977). We have said that where the language of the statute is clear and unambiguous and susceptible of a sensible construction, resort to extrinsic and collateral aids in construing it is not permitted. *Cross* v. *Graham*, 224 Ark. 277, 272 S.W.2d 682 (1954).

As to the reference to strict construction of criminal statutes, the majority simply invokes the doctrine, with no attempt to apply it to the case before us, nor even a suggestion that the statute is ambiguous. If the majority is holding that strict construction requires that unambiguous language which purports to prohibit *any* conduct that creates a substantial risk of serious harm to the

physical or mental welfare of a minor, has no application where such conduct is sexual in nature, that is a novel use of the rule and reads a provision into the statute which is neither present nor implied. The rule of strict construction does not require that a statute be given the narrowest possible meaning or that the evident legislative intent be disregarded. *United States* v. *Giles*, 300 U.S. 41 (1936).

Criminal statutes are strictly construed so that conduct, thought to be lawful, will not be criminalized by virtue of an ambiguity in the statute that leaves the issue in doubt. That is hardly the situation before us. *See generally United States* v. *Alpers*, 338 U.S. 680 (1950); *United States* v. *Hood*, 343 U.S. 148 (1951) ("A statute should not be construed so as to read out what as a matter of ordinary English speech is in.")

I respectfully dissent.

HOLT, C.J., joins in dissent.