Lynn F. GRAHAM *v.* STATE of Arkansas

CR 93-198                                            861 S.W.2d 299

Supreme Court of Arkansas
Opinion delivered September 20, 1993

*Stidham & Crow*, by: *Daniel T. Stidham* and *Gregory L. Crow*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Justice. This is a case of first impression involving Act 451 of 1983, the statutory prohibition against the use of children in sexual performances as defined in the Act. Ark. Code Ann. § 5-27-401 *et seq.* (1987). The appellant, Lynn F. Graham, raises four points for reversal of his conviction of the felony offense of employing a child in a sexual performance. Because we reverse on the first issue, a challenge to the sufficiency of the evidence, it is unnecessary to consider the other questions raised on appeal.

The relevant portions of Ark. Code Ann. § 5-27-402 (1987) provide:

> (a) It is unlawful for any person if, knowing the character and content thereof, he employs, authorizes, or induces a child under seventeen (17) years of age to engage in a sexual performance.
>
> . . .
>
> (c) Any person violating this section is guilty of a Class C felony for the first offense and Class B felony for subsequent offenses.

A definition of "performance" appears at Ark. Code Ann. § 5-27-401(1) (1987):

> "Performance" means any play, dance, act, drama, piece, interlude, pantomime, show, scene, or other three-dimensional presentation or parts therof that is exhibited before an audience of two (2) or more persons[.]

A "sexual performance" consists of "any performance or part therof that includes sexual conduct by a child younger than seventeen (17) years of age." Ark. Code Ann. § 5-27-401(2) (1987). "Sexual conduct" involves "actual or simulated sexual intercourse, deviate sexual activity, sexual bestiality, masturbation, sadomasochistic abuse, or lewd exhibition of the genitals." Ark. Code Ann. § 5-27-401(3) (1987).

In 1991, the Greene County prosecutor filed an information stating that, on April 28, 1990, appellant Graham had employed, authorized, or induced a child under the age of seventeen to engage in a sexual performance.

Graham waived a jury trial. During the bench trial, the State produced as evidence a video tape of Graham and three other males participating in mutual masturbation and oral sex. Nude photographic prints of the parties were also introduced in evidence. The State contended that the defendant had engaged in deviate sexual activity with children under the age of seventeen and had made a videotape of the acts.

Although neither of the two youths in question, who were identified by the names of Clifton and Anthony, were present at trial, a witness for the State, Wendell Pullen, supplied damaging testimony over repeated hearsay objections. Pullen stated that in December 1989, several months before the videotape was made, he and Graham drove from the appellant's home in Paragould to Poplar Bluff, Missouri, to pick up Graham's friend, Terry Branch. Pullen stated that they went to Branch's parents' house, where they met Branch's sister and her two sons, whom Branch introduced as his nephews. After a 45-minute visit, Graham, Pullen, and Branch left to return to Paragould.

According to Pullen, Graham told Branch that his nephews were cute, and Branch indicated that he was sexually involved with them. Pullen said that he asked Branch how old the youths

were, and Branch stated, in Graham's presence, that Clifton and Anthony were thirteen and fourteen years old. At that point, Pullen testified, Graham asked Branch how he might get the youths to come to his house in Paragould, suggesting that he give Branch $20 to be split between Clifton and Anthony.

Graham presented as an affirmative defense his reasonable belief that the two youths were at least seventeen years old, based on the good-faith provision of Ark. Code Ann. § 5-27-404 (1987):

> It is an affirmative defense to a prosecution under this subchapter that the defendant in good faith reasonably believed that the person who engaged in the sexual conduct was seventeen (17) years of age or older.

Taking the witness stand, Graham stated that both of the boys had told him they were seventeen and, further, that Clifton had offered to produce his driver's license. Another witness for the defense, David Allison, testified that in November 1989 he had met Clifton and Anthony in the company of Terry Branch and that Clifton had showed him a driver's license from which he estimated the young man's age to be "approximately seventeen — almost eighteen years old." Dr. James Sikes, a pediatrician, also testified for Graham, stating that while it is not possible to pinpoint an exact year of age by examining photographs, he would place the age range for the youths who appeared on the videotape somewhere between fourteen and twenty years.

The trial court found Graham guilty of promoting a sexual performance by a child under the age of seventeen and held that he had failed to meet his affirmative defense. The court sentenced him to ten years imprisonment, the maximum sentence under Ark. Code Ann. § 5-27-402 for a first offense.

For his first point for reversal, Graham asserts that the trial court erred in failing to grant his motions for directed verdict at the close of the state's case and at the close of all evidence. It is, of course, unnecessary in a trial by the court without a jury for the defense to renew its motion for a directed verdict at the close of the trial in order to preserve the issue for appeal. *Igwe* v. *State*, 312 Ark. 220, 849 S.W.2d 462 (1993). Our focus on appellate review, therefore, is limited to an assessment of the posture of the

state's case at the time the first directed-verdict motion was made.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). The test for determining the sufficiency of the evidence is whether there is substantial evidence to support the verdict. *Id.* On appeal, this court reviews the evidence in the light most favorable to the appellee and sustains the conviction if there is any substantial evidence to support it. *Abdullah* v. *State*, 301 Ark. 235, 738 S.W.2d 58 (1990). Evidence is substantial if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond suspicion and conjecture. *Jones* v. *State*, 269 Ark. 119, 598 S.W.2d 748 (1980).

Graham contends that the State failed to provide substantial evidence regarding the elements of the offense of employing a child in a sexual performance under Ark. Code Ann. § 5-27-402(a). "Sexual performance" is defined at Ark. Code Ann. § 5-27-401(2) (1987) as "any performance of part thereof that includes sexual conduct by a child younger than seventeen (17) years of age."

The precise meaning of the term "performance" was a subject of spirited debate at trial, and Graham argues on appeal that the State failed to put on evidence of an actual "performance" as defined by § 5-27-401(1). The definition, set forth earlier, employs specialized terminology that obviously embraces the traditional aspects of live theatrical production ("play, dance, act, drama," and so forth), including such antiquities as interludes and pantomimes. It ignores, meanwhile, the more unstructured varieties of contemporary presentation generally known as "performance art," in which elements of the spontaneous and the random are often prominently featured. Significantly, no mention is made in the definition of "performance" — or, for that matter, in any other section of the Act — of film or videotape.

Although no legislative history is available, it is clear from an examination of the text of Act 451 of 1983 that the intent of the General Assembly was specifically to prohibit the exploitation of children in commercial pornographic *stage* productions. If it had been the purpose of the legislature to criminalize such privately conducted activities as those in the present case, the Act could have expressly barred, in distinct language, the filming or

videotaping of children engaged in any sort of sexual conduct.[1]

The definition of "performance" in § 5-27-401(1) requires that an exhibition of the work before an audience of at least two persons — an indication that the legislators had in mind some form of public display rather than a private recording of sexual intimacies between participating parties. In this regard, Graham further contends that the State failed to present any evidence that the sexual conduct on the videotape amounted to a performance "exhibited before an audience of two (2) or more persons." The State concedes that the statutory definiton of "performance" set forth at § 5-27-401(1) requires the State to prove that the sexual performance was exhibited to two or more viewers.

Much energy was expended at trial in an attempt to determine how many people were observing the sexual performances as they were being taped. The trial court decided that because there were four persons involved in the taping of the sexual conduct and because during most of the running time of the two different episodes only two persons appeared on camera, the remaining pair must have comprised an audience of two persons.

The trial court's conclusion relies heavily on conjecture and supposition. There is simply no proof that two or more persons were watching as the tape rolled.

On appellate review, we strictly construe criminal statutes, resolving any doubts in favor of the defendant. *Leheny* v. *State*, 307 Ark. 29, 818 S.W.2d 236 (1991). Nothing is taken as intended which is not clearly expressed. *Hales* v. *State*, 299 Ark. 93, 771 S.W.2d 285 (1989). Graham's conduct, therefore, is not

---

[1] In fact, the General Assembly had, by 1983, already enacted such a prohibition. Act 499 of 1979, the Arkansas Protection of Children Against Exploitation Act, codified at Ark. Code Ann. § 5-27-301 *et seq.* (1987, Supp. 1991), addresses precisely the situation before us. Section 5-27-303(a) provides that:

> Any person who employs, uses, persuades, induces, entices, or coerces any child to engage in, or who has a child assist any other person to engage in, any sexually explicit conduct for the purpose of producing any visual or print medium depicting such conduct shall be guilty of a Class C felony for the first offense and a Class B felony for subsequent offenses.

A crucial difference in the earlier Act is that a "child" is defined as "any person under the age of sixteen (16) years."

violative of Ark. Code Ann. § 5-27-401 *et seq.* (1987), and we reverse and dismiss his conviction.

Because we are reversing and dismissing the matter on the issue of the sufficiency of the evidence, it is unnecessary for us to address the other points raised by the appellant.

Reversed and dismissed.

CORBIN, J., concurs.