Terry Edward HAYES, Appellant

v.

STATE of Arkansas, Appellee.

No. CA CR 10–522.

Court of Appeals of Arkansas.

Feb. 2, 2011.

Jeffrey Marx Rosenzweig, Little Rock, for appellant.

Vada Berger, Little Rock, for appellee.

RITA W. GRUBER, Judge.

Terry Edward Hayes brings this appeal from four felony convictions in his trial by jury in the Washington County Circuit Court. He contends that the circuit court 1) should have granted a hearing on his motion for a new trial, and 2) erred in denying a continuance for his new counsel to prepare for the sentencing hearing. The State contends that no reversible error resulted from the lack of a hearing on the motion for new trial and that the trial court did not abuse its discretion by denying the motion for a continuance. The first point is reversed and remanded. The second point is affirmed.

The procedural and factual history before us is intricate. In amended felony information CR 2009–286–1, Hayes was charged with aggravated assault on a family member, first-degree terroristic threatening, and felon in possession of a firearm, all committed on January 19, 2009.[1] Felony information CR 2009–1315 charged him with intimidating a witness, committed on June 22, 2009. The four felonies were consolidated for a single trial, which took place over two days on September 23 and 24, 2009. At the trial's conclusion Hayes was found guilty of each count.

The jury notified the court during sentencing deliberations that it had two questions: whether any sentences imposed would be served concurrently or consecutively, and when Hayes would be eligible for parole. The court answered that it would ultimately decide the running of the

---

1. Hayes's fourteen-year-old son, the victim of the first two crimes, testified that his father instructed him to lie face down on the sofa, held a loaded gun to the boy's head, and led him through woods in a flight from police officers.

sentences but the jury could make a recommendation, and that Hayes's parole eligibility would be determined by the parole board because he was a habitual offender. The court then learned from defense counsel that, against counsel's advice, Hayes had disappeared from the courthouse while the jury deliberated his sentence. When the jury completed its deliberations, the court accepted the jury's recommendations but deferred actual sentencing until Hayes was returned to custody. The court revoked his bail, ordered that an arrest warrant be issued, and ordered that failure-to-appear charges be filed.

On October 6, 2009, Hayes appeared with his trial counsel at a hearing for formal sentencing on his convictions. Counsel was released upon Hayes's motion after the court confirmed his intent to hire another attorney. The court reset sentencing for the afternoon of October 13, 2009, telling him to have an attorney present or be sentenced without one.

New counsel appeared with Hayes at the rescheduled sentencing hearing. She stated that she was representing her law firm and was ready and willing to proceed should the court deny her oral motion for several days' continuance. She explained that Hayes had hired Drew Miller, a partner in her law firm, only that morning; Hayes had confidence in Miller, who was unable to attend the sentencing hearing; and Hayes hired the firm to represent him on the new charges as well as the convictions. She reported that Hayes had first spoken with four or more attorneys, two had met with him in jail, and he had been unable to hire Miller until after meeting with him the previous night. Counsel's basis for requesting a continuance of the hearing was that her firm believed

> with the complexity of this case, the two day trial, ... it is in Mr. Hayes's best interest that we be fully prepared and

briefed on the facts of this case in order to articulate some reasons to the court as to ... what the appropriate sentence in this matter would be, Judge.

The court, observing that it failed to see "the complexity of the case at this stage of the particular proceeding, ... simply a sentencing hearing," ruled that the case should proceed.

Counsel said that her understanding of the facts presented at trial was limited because she had not participated in it, that the convictions were for serious offenses, and that the court might consider concurrent rather than consecutive sentences as recommended by the jury. The court noted the jury's inquiry during sentencing deliberations about running sentences concurrently or consecutively, the court's telling the jury of the court's discretion to decide the matter, and the jury's failure to make a recommendation on the matter. The court found Hayes guilty of the four felonies and orally pronounced sentences of imprisonment and fines; noting the seriousness of the offenses, the court ordered that sentences for counts 3 and 4 run consecutively for a total of forty years on all counts. The court observed that Hayes's status as a habitual offender should adversely affect his parole eligibility, which the court found appropriate. The court's original judgment and commitment order and an amended judgment and commitment order were entered on October 19 and November 2, 2009, respectively. Each is a single document reflecting convictions for the three felonies in CR 2009–286–1 and for the single felony in CR 2009–1315, intimidating a witness.

Following the sentencing hearing, Hayes was arraigned on the charge of failure to appear. Counsel, noting that Hayes apparently had been diagnosed with bipolar disorder and was on medications, moved for a mental evaluation to determine his

fitness to proceed and whether he could understand the nature of charges [sic] against him. The court granted her request, continued the arraignment, and ordered an evaluation at Ozark Guidance on October 21, 2009.

Psychiatrist Robin Ross, who performed the court-ordered mental evaluation, diagnosed bipolar disorder, currently with severe depression, and alcohol dependence with physiological dependence. She concluded that Hayes was at the time of the examination unable to assist effectively in his own defense. The basis of this opinion was stated in three parts. First, Dr. Ross stated that Hayes's conduct during the interview was inappropriate: he was unable to sit still and unable to answer questions, espousing only his lack of will to live, his wanting to die, and the purposelessness of further legal proceedings and the mental evaluation. Second and third, he did not answer questions on the Georgia Court Competency Test or Folstein Mini Mental State Examination, espousing again suicidal ideation or the pointlessness of answering.

Hayes timely filed a motion and an amended motion for new trial from the original judgment and commitment order. The motions were styled *Arkansas vs. Terry Edward Hayes,* Case No. CR 09–286–1 in the Circuit Court of Washington County. Dr. Ross's evaluation was included as an attachment.

Paragraph 3(a) of the motions stated that a new trial should be granted because Hayes suffered bipolar disorder at the time of trial; he had been treated for the disorder for three years and the diagnosis was confirmed in June 2009; in the court-ordered evaluation of October 21, 2009, Dr. Ross determined that Hayes presently suffered from a mental disease; and that evidence of his mental disease had not been presented at any phase of trial. Sub-section (b), noting Dr. Ross's determination less than a month after trial and a week after sentencing that Hayes lacked capacity to assist in his defense on a new charge, asserted that he may have been incompetent during his previous trial, an issue of due process that required examination and a hearing by the circuit court.

Paragraph 4 asserted counsel's due diligence in moving for new trial and referred to Dr. Ross's evaluation. Paragraph 6 reserved and did "not waive" the right to bring forth an ineffective-assistance-of-counsel claim, which Hayes was "not able to substantially develop at this time." Paragraph 8 requested a hearing pursuant to Ark. R.Crim. P. 33.3(a)'s requirement that, after the filing of a motion for new trial or other application for relief:

> The trial court shall designate a date certain, if a hearing is requested or found to be necessary, to take evidence, hear, and determine all of the matters presented. The hearing shall be held within ten (10) days of the filing of any motion or application unless circumstances justify that the hearing or determination be delayed.

Hayes concluded that it was imperative that the court conduct a hearing to receive and review evidence regarding the likelihood that he suffered incapacity or mental disease, or both, during his trial. He argued that without the hearing the court could not determine if he had received due process and a fair trial.

The circuit court, without holding a hearing, denied the amended motion for new trial by order entered on December 11, 2009. A letter opinion of the same date stated that the court had been presented "a conclusory statement" to the effect that Hayes was incompetent at the time of trial, could not adequately defend himself as a result, and consequently did not receive a fair and impartial trial. The

court noted that mental disease or defect had not been raised as a defense in the proceeding, that a claim for ineffective assistance of counsel was implicit in Hayes's allegations, and that the claim had not been pled but could be raised in the future. On December 30, 2009, Hayes filed a notice of appeal and designation of record in CR 09–286–1.

### Notice of Appeal from Conviction for Intimidating a Witness

■ As an initial matter, we address the State's argument that we lack jurisdiction over an appeal of Hayes's intimidating-a-witness conviction because he filed no notice of appeal in that case. Alternatively, the State argues that there is no merit to Hayes's challenges to the |₇conviction and sentencing for intimidating a witness.

Rule 2(a) of Ark. R.App. P.—Crim. requires that within thirty days from

(1) the date of entry of a judgment, or

(2) the date of entry of an order denying a post-trial motion under Ark. R.Crim. P. 33.3, or

(3) the date a post-trial motion under Ark. R.Crim. P. 33.3 is deemed denied pursuant to subsection (b)(1) of this rule, or

(4) the date of entry of an order denying a petition for postconviction relief under Ark. R.Crim. P. 37,

the person desiring to appeal a circuit court judgment or order or both shall file with the clerk of the circuit court a notice of appeal identifying the parties taking the appeal and the judgment or order or both being appealed.

The State contends that Hayes cannot appeal his conviction for intimidating a witness in CR 2009–1315 because "he failed to file any notice of appeal whatsoever" *See, e.g., Doss v. State,* 374 Ark. 214, 286 S.W.3d 724 (2008) (granting belated appeal when counsel erred by filing notice of appeal that used wrong case number); *Hills v. State,* 328 Ark. 748, 945 S.W.2d 373 (1997) (requiring attorney to admit fault where notice of appeal was not timely due to wrong case number in original notice). Hayes responds that *Hills* and *Doss* are inapposite because his notice of appeal contained no "wrong" case number.

Hayes relies upon the civil case *DeClerk v. Tribble,* 276 Ark. 316, 317, 637 S.W.2d 526, 527 (1982), where the supreme court stated:

No greater specificity was necessary. An order refusing a new trial is final and brings up for review any preceding order involving the merits. Rules of Appellate Procedure, Rule 2(a)(3) and (b). Moreover, the appellants designated the entire record for the |₈appeal; so the alleged defect in the notice of appeal could not have prejudiced the appellee.

Hayes's motion for new trial pursuant to Ark.Code Ann. § 16–89–130 and Ark. R.Crim. P. 33.3(a) recited the following:

Defendant was convicted of the offenses of Aggravated Assault on a Family or Household Member, Terroristic Threatening, Felon in Possession of Firearm, and Intimidating a Witness by a jury on September 25, 2009. That Mr. Hayes was sentenced on the above-described charges on October 13, 2009, and that Judgment and Commitment Order was signed by the Court on October 14, 2009, and entered by the Clerk on October 19, 2009.

Hayes's notice of appeal stated that it was taken from the convictions and sentences for aggravated assault on a family or household member, terroristic threatening, felon in possession, and intimidating a witness, as well as from the denial of his original and amended motions for new trial. The notice referred in chronological order to his jury conviction, sentencing,

original and amended judgment and commitment orders, and original and amended motions for new trial. It designated "the entire record of the case" and stated that financial arrangements had been made for the transcript.

Our supreme court very recently addressed the merits of a case even though the notice of appeal, through a scrivener's error, used the wrong date for the order appealed. The court reasoned as follows:

> The State's notice of appeal states that it is appealing from the circuit court's order to seal; however, the wrong date is listed. The State lists August 11, 2009, when the order to seal was not filed until December 17, 2009, and the supplemental order was filed on December 23, 2009. However, this court has held that, *when it was clear what order the appellant was appealing from given the issues raised in the notice of appeal,* an inaccurate date listed for the order appealed from in the notice of appeal was merely a scrivener's error. *See Duncan v. Duncan,* 2009 Ark. 565 [2009 WL 3786850].[2] Here, the only issue on appeal is the State's allegation that the circuit court erred by entering the order to seal, and the notice of appeal states that the order to seal is the order they are appealing from. It was clearly a scrivener's error to list August 11, 2009, as the date and we, therefore, reach the merits.

*State v. Brown,* 2010 Ark. 483, at 2 n. 3, 2010 WL 5059593 (emphasis added).

Hayes's motions for new trial and notice of appeal both recited the four convictions at issue, clearly challenging the intimidating-a-witness charge as well as the three charges in CR 2009–286. The omission of the case number for the intimidating

charge was a scrivener's error. We hold that Hayes's notice of appeal fulfilled Ark. R.App. P.—Crim. 2(a)'s requirement to identify the judgment and that the notice was effective to appeal the additional charge. Thus, we have jurisdiction over the appeal of his conviction for intimidating a witness in CR 2009–1315.

### *Denial of Hayes's Request for Hearing on his Motion for New Trial*

When a verdict has been rendered against a defendant by which his or her substantial rights have been prejudiced, a trial court may grant the defendant's motion for new trial. Ark.Code Ann. § 16–89–130(c) (Repl.2005). Among the grounds for granting a new trial are that the defendant has discovered important evidence in his or her favor; or from other cause, the court is of the opinion that the defendant has not received a fair and impartial trial. *Id.* § 16–89–130(c)(6), (7). Here, Hayes asserts that he presented significant and credible evidence that he was not competent at the time of his trial. As in his motion for new trial, he relies upon the court-ordered evaluation that was made less than a month after trial and found him incompetent to stand trial on the new charge. He notes that the new charge arose from his behavior at trial of the present case and points to a temporal proximity between that trial and his diagnosis of bipolar disorder, severe depression, and alcohol dependence.

If a convicted person files a motion for new trial or any other application for relief and requests a hearing, the trial court shall designate a date certain to take evidence, hear, and determine all of the matters presented. Ark. R.Crim. P. 33(a).

---

2. *Duncan* held that the notice of appeal substantially complied with Rule 3(e) of the Arkansas Rules of Appellate Procedure—Civil.

The hearing shall be held within ten days of the filing of any motion or application unless circumstances justify that the hearing or determination be delayed. *Id.*

The State recognizes Rule 33(a)'s provision that a trial court "shall" conduct a hearing if requested to do so in a motion for new trial but argues that, as in *Turner v. State*, 325 Ark. 237, 926 S.W.2d 843 (1996), a new-trial hearing was unnecessary and superfluous. In *Turner* the new-trial motion was based on an alleged discovery violation that a police officer's report did not reveal that the victim had identified the defendant visually in addition to identifying him by voice. The supreme court noted the State's disclosure of the critical fact that the victim could positively identify Turner; rejected Turner's argument that evidence at a posttrial hearing was needed to show improper motive; and found that a hearing on the motion for new trial would have been superfluous.

█ We find no analogy between *Turner* and the present case. Hayes's new-trial motion and request for hearing relied upon psychiatric findings about his mental capacity, which were made close in time to trial and sentencing, and which may have been in existence during those proceedings. We hold that the circuit court erred in this case by refusing Hayes's request to conduct a hearing under Rule 33.3(a). Therefore, we remand to the trial court for a hearing on his claim.[3]

### Denial of Hayes's Motion for Continuance

Hayes asserts that the trial court committed reversible error when it denied his request for a continuance. Rule 27.3 of the Arkansas Rules of Criminal Procedure provides that a trial court shall grant a continuance only upon a showing of good cause and shall take into account the request or consent of the prosecuting attorney or defense counsel, as well as the public interest in prompt disposition of the case. The grant or denial of a motion for continuance is reviewed under an abuse-of-discretion standard; an appellant must not only demonstrate that the trial court abused its discretion but also show prejudice that amounts to a denial of justice. *Smith v. State*, 352 Ark. 92, 98 S.W.3d 433 (2003). When a motion for continuance is based on a lack of time to prepare, this court considers the totality of the circumstances. *Id.*

We find no abuse of discretion in the court's denial of Hayes's motion for a continuance. He effectively delayed sentencing by his own actions by absconding while the jury was deliberating. Sentencing was again delayed when he fired the trial attorney familiar with his case. Next, counsel from his newly hired law firm requested a continuance because she was not fully familiar with facts presented at trial and the partner Hayes desired was not currently available. She stated, however, that she was ready and willing to represent Hayes at the scheduled hearing.

We do not find that prejudice resulted from the trial court's decision to proceed to sentencing. The only issue counsel raised on sentencing itself was a request to run sentences concurrently rather than consecutively, a decision solely within the trial court's discretion. *Throneberry v.*

---

3. We do not address Hayes's arguments that he presented credible evidence of incompetency in his motion for new trial. A criminal defendant is presumed to be competent and has the burden of proving his or her incompetence, and the burden is especially heavy when incompetency is asserted for the first time in a petition for postconviction relief. *Ware v. State*, 348 Ark. 181, 75 S.W.3d 165 (2002); *Burnett v. State*, 293 Ark. 300, 737 S.W.2d 631 (1987).

*State,* 2009 Ark. 507, 342 S.W.3d 269. The denial of the motion for continuance is affirmed.

Affirmed in part; reversed and remanded in part.

VAUGHT, C.J., and ABRAMSON, J., agree.