

# SUPREME COURT OF ARKANSAS

No. CR–12–60

| | | |
|---|---|---|
| TERRY EDWARD HAYES | | **Opinion Delivered** November 7, 2013 |
| | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NOS. CR09-286-1, CR09-1315-1] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE WILLIAM A. STOREY, JUDGE |
| | APPELLEE | <u>REMANDED TO SETTLE THE RECORD</u>. |

**PER CURIAM**

This is an appeal from the denial of postconviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure. Terry Edward Hayes is in the custody of the Arkansas Department of Correction after being convicted of first-degree terroristic threatening, felon in possession of a firearm, and intimidating a witness. After a hearing, the circuit court denied Hayes the relief that he had requested. He filed a notice of appeal from that ruling. Hayes then filed a motion to reconsider, arguing that the circuit court failed to rule on a number of points that he had raised. After the motion to reconsider was deemed denied, Hayes filed a supplemental notice of appeal. He now argues that 1) this case must be remanded to the circuit court with instructions to rule on claims that it had ignored in its order and for failing to rule on his motion for reconsideration, and 2) the circuit court erred in denying him relief due to ineffective assistance of counsel. However, because of gaps and inconsistencies in the transcript, we are not able to determine whether we have jurisdiction. We therefore remand this case to settle the record.

SLIP OPINION

We first recount the procedural history of this case, as it is necessary for us to determine whether we have jurisdiction. Jurisdiction is a matter that we are obligated to raise on our own motion. *See Scott v. State*, 2012 Ark. 199, 406 S.W.3d 1. While the jury was deliberating during the penalty phase of the trial, Hayes, who had been released on bond, failed to return to the courtroom. Bond was revoked and a failure-to-appear warrant was issued. After the jury made its sentencing recommendations, but before the trial judge formally pronounced sentence, Hayes discharged his trial counsel, Jim Rose. Hayes retained new counsel, the law firm of Keith, Miller, Butler, Schnieder & Pawlik, who represented him at formal sentencing and apparently on the pending failure-to-appear charge.

In the course of their representation of Hayes on the new charge, a psychological evaluation was requested. The evaluation, dated October 21, 2009, revealed that Hayes suffered from bipolar disorder, severe depression, and alcohol dependence, and psychiatrist Robin Ross opined that as of that date, Hayes "lacked the capacity to assist effectively in his own defense." Hayes's new counsel filed a motion for a new trial, which the circuit court denied without a hearing. Hayes timely filed a notice of appeal.

The Arkansas Court of Appeals affirmed in part and reversed in part Hayes's conviction. *Hayes v. State*, 2011 Ark. App. 79, 381 S.W.3d 117. The court of appeals held that the court-ordered psychological evaluation of Hayes, conducted on October 21, 2009, was evidence of his lack of competence at the time of his trial, which concluded on September 24, 2009, and thus, the trial court erred in failing to hold a hearing on his motion for a new trial. *Id.* The case was reversed and remanded to the trial court.



Based on the record before us, what happened next is not entirely clear. The circuit court docket sheet found in the transcript, but not in Hayes's brief, reflects that on February 24, 2011, the court of appeals mandate issued, affirming in part and reversing in part and remanding the case to the circuit court. On March 9, 2011, the circuit court entered an order. It is listed as "ORDER GRANTING DEFS MOTION TO W/DRAW MOTIONS FOR A NEW TRIAL & MOTIONS FOR A NEW TRIAL ARE DENIED." This order does not appear in the transcript. Nonetheless, on April 25, 2011, Hayes's appellate counsel, Jeff Rosenzweig, who is also Hayes's Rule 37 counsel, filed a Rule 37 petition, in which he stated that "Hayes ceased his appeal in these cases." However, in the circuit court's order denying Rule 37 relief, the circuit court recites that "Defendant appealed his convictions to the Arkansas Court of Appeals and after review, the convictions were affirmed." Regardless of whether Hayes made a knowing and intelligent waiver of his right to further proceedings pursuant to the court of appeals mandate, the circuit court's finding is not supported by any court proceeding that appears in the transcript. Likewise the issue of appellant's competence is not addressed in the Rule 37 petition.

Arkansas Rule of Criminal Procedure 37.2(a) provides that no proceeding under the rule shall be entertained while the direct appeal of a judgment is pending. The court of appeals remanded the case to address certain issues. However, the record fails to reflect the proceedings or findings of fact resolving the issues raised on remand. Absent a complete record of the circuit court's actions on remand, we are unable to determine whether we may exercise jurisdiction to proceed under Rule 37.2. Therefore, we remand for the circuit

3

court to make specific findings and to settle the record. Appellant is directed to file a supplemental record with any motions, responses, and orders, along with a transcript of any hearing that is held pursuant to this order. The clerk is directed to set a schedule for the parties' substituted briefs.

Remanded to settle the record.

*Jeff Rosenzweig*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.