
# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–15–281

| | | |
|---|---|---|
| TRENT A. KIMBRELL | | **Opinion Delivered** January 13, 2016 |
| | APPELLANT | |
| | | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NOS. CR-1994-124, CR-2014-5] |
| V. | | |
| | | HONORABLE J.W. LOONEY, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

The State charged appellant Trent Kimbrell with one count of being a felon in possession of a firearm in Case No. CR-2014-5. Kimbrell sought to dismiss the charge in Case No. CR-2014-5, asserting that he was not a convicted felon. Kimbrell also filed a petition to seal a previous probation sentence that he received in Case No. CR-1994-124, contending that he had successfully completed his probation in that case. The Polk County Circuit Court denied both requests, and Kimbrell challenges those decisions on appeal. We affirm.

### I. *Procedural History*

In January 1995, Kimbrell entered a plea of no contest to one count of conspiracy to deliver a controlled substance in Case No. CR-1994-124. At that time, he was placed on four years' probation; the terms and conditions of Kimbrell's probation required that he lead

SLIP OPINION

a law-abiding life, commit no offense punishable by imprisonment, and not use or possess any narcotic or drug. Kimbrell was sentenced pursuant to Act 346 of 1975, which provides for discharge and dismissal opportunities upon fulfillment of the terms and conditions of probation.

In October 1996, the State filed a petition to revoke Kimbrell's probation, alleging that he had violated the terms and conditions of his probation by being charged with several drug offenses, failing to maintain his child-support payments, and confessing to having used marijuana. Attached to the revocation petition were documents reflecting Kimbrell's confession to using marijuana and a copy of the criminal felony information charging him with the drug offenses. A revocation hearing was scheduled in December 1996, but it was continued until March 1997. The record does not indicate, however, that a revocation hearing was ever held.

In January 1999, the Polk County Circuit Court entered an "Order to Waive Supervision Fees" in which it found that Kimbrell had "completed his term of probation" on January 18, 1999, but still owed supervision fees. The court waived the balance of the fees due to an injury that prevented Kimbrell from working. The order did not, however, mention the issue of expungement. At the time of the entry of the January 1999 order waiving fees, the petition to revoke Kimbrell's probation was still pending. The State subsequently nolle prossed the revocation petition in April 2000. The order of nolle prosequi indicated that the State had dismissed the underlying felony count upon which the revocation petition was based.

Almost fourteen years later, in January 2014, the State charged Kimbrell with being a felon in possession of a firearm in Case No. CR–2014-5. Kimbrell subsequently moved to dismiss the felon-in-possession charge, asserting that his record should have been automatically expunged upon his successful completion of probation in 1999 pursuant to Act 346. Kimbrell also filed a petition to dismiss and seal Case No. CR–1994-124.

The circuit court denied Kimbrell's motion to dismiss Case No. CR–2014-5. The court disagreed that Act 346 provided for automatic expungement. The court found that the statute, on its face, "imposed an obligation on the court to enter an 'appropriate order' effectively dismissing the case, discharging the defendant, and expunging the record." The court noted, however, that "[n]o guidance is provided as to how a court was to do so unless requested by a defendant." Commenting that the statute declared that a defendant is not entitled to an expungement as a matter of right, the court concluded that it could not "imagine that the legislature ever intended that courts would be required to seek out eligible defendants and enter 'appropriate orders' without a request to do so."

The court did not initially rule on Kimbrell's petition to seal in Case No. CR–1994-124, finding that, because the alleged felon-in-possession charge occurred prior to Kimbrell's filing of his petition, the granting of the petition would have no legal effect. After Kimbrell filed a motion seeking a specific ruling on his petition to seal, the court entered an order denying it. In doing so, the court found that, while on probation, Kimbrell tested positive for a controlled substance in violation of the terms of his probation. The court determined that Kimbrell's drug use during his probationary period "could have resulted in his probation being

revoked" and "was certainly reason enough for the court to refuse to seal his record or expunge same[.]" The court concluded by stating that, "as in 1999, [it was] hereby denying [Kimbrell's] petition to seal."

Kimbrell timely appealed and now urges three points for reversal: (1) the circuit court erred in 1999 by failing to enter an appropriate order dismissing the case, discharging the defendant, and expunging his record; (2) the circuit court erred in 2014 by denying Kimbrell's motion to dismiss the 2014 charge on the basis that Kimbrell had an affirmative duty to seek expungement in 1999; and (3) the circuit court erred in 2014 by denying his petition to seal.

## II.  *Standard of Review*

Resolution of this case requires us to interpret Arkansas Code Annotated section 16–93–303. Issues of statutory interpretation are reviewed de novo. *Barker v. State*, 2014 Ark. 467, 448 S.W.3d 197; *MacKool v. State*, 2012 Ark. 287, 423 S.W.3d 28 (per curiam). Moreover, we strictly construe criminal statutes and resolve any doubts in favor of the defendant. *Blackwell v. State*, 2015 Ark. App. 96, 455 S.W.3d 848 (citing *Graham v. State*, 314 Ark. 152, 861 S.W.2d 299 (1993)). The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Id*. If the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id*.



III. *Discussion*

Although Kimbrell frames his argument as three separate points on appeal, we believe that there are two dispositive issues: (1) whether section 16-93-303 provided for automatic expungement at the time of Kimbrell's sentencing, and (2) whether the court erred in denying Kimbrell's petition to seal and expunge his record.

First, we consider Kimbrell's argument that the circuit court erred in its interpretation of section 16-93-303. In essence, Kimbrell contends that the circuit court erred in concluding that section 16-93-303 did not provide for an "automatic" expungement upon completion of the terms and conditions of probation.

At the time of Kimbrell's 1995 sentencing, Act 346 provided as follows:

> Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record.

Ark. Code Ann. § 16-93-303(b)(1) (1987). Kimbrell argues that the phrase "*the court shall enter an appropriate order*" (emphasis added) means that the entry of such an order was an administrative function to be performed automatically by the court once the defendant fulfilled the terms and conditions of his probation. He takes the position that the statute in place at the time of his sentencing placed no affirmative duty upon him in order to obtain expungement, other than to fulfill the terms and conditions of his probation. Kimbrell further asserts that, because he did fulfill the terms and conditions of his probation, and because the statute did not place any affirmative duty upon him to petition the court for expungement,

the court was without authority to deny his request and erred in shifting the burden of initiating the expungement process onto him.

The State, on the other hand, maintains that the amendment did not shift the duty from the court to the defendant; rather, it merely "established a uniform process by which a record could be sealed." According to the State, Kimbrell's interpretation of the statute would have meant that a court "would be required to constantly monitor every case where a defendant was sentenced under the first time offender's act" to determine whether the defendant was eligible for expungement. Because this would be an "absurd" interpretation, the State contends it could not possibly be correct.

We disagree with the State. Similar statutes have previously been construed as imposing an automatic expungement requirement. In *Irvin v. State*, 301 Ark. 416, 784 S.W.2d 763 (1990), the supreme court interpreted a similar statute, the Youthful Offender Alternative Service Act.[1] The language of that sentencing statute provided that, "[u]pon the completion of sentence or probation imposed under this Act, the Commissioner [of Correction] shall direct that the record of the eligible offender be expunged of the offense of which the eligible offender was convicted." Ark. Stat. Ann. § 43-2344 (Repl. 1977). The supreme court held that the plain language of the statute meant that a youthful offender "does not have to petition for expungement. Instead, it is a ministerial duty to be completed by the Commissioner of the Department of Correction." *Irvin*, 301 Ark. at 418, 784 S.W.2d

---

[1] The Act was previously codified at Ark. Stat. Ann. § 43-2344 and later at Ark. Code Ann. § 16-93-510 (Supp. 1989). It was repealed by Acts 521 and 548 of 1993.

at 764. Because the statute used the mandatory word "shall," the court concluded that the act of expunging the offender's record was a ministerial duty. *Id.*

Similarly, in *State v. Ross*, 344 Ark. 364, 39 S.W.3d 789 (2001), the supreme court interpreted Arkansas Code Annotated section 5-64-407. That statute specifically provided that, "[u]pon fulfillment of the terms and conditions [of probation], the court shall discharge the person and dismiss the proceedings against him." As in *Irvin*, the court held that "expungement is a ministerial duty" because of the mandatory language of the statute. Because Ross had pled guilty under this act, the circuit court "*was mandated* to discharge Ross and the proceedings against him upon Ross's fulfillment of the terms and conditions of his probation." *Id.* at 367, 39 S.W.3d at 791 (emphasis added).

Thus, the supreme court's interpretation of statutes similar to section 16-93-303 was that the phrase "the court shall enter an order" meant a mandatory, ministerial function or duty that was the responsibility of the court, not the defendant. As such, the circuit court in the instant case erred in its conclusion that "the right of expungement has never been automatic but requires some affirmative duty on the part of a defendant to seek to avail himself of this option." This affirmative duty did not statutorily exist at the time of Kimbrell's sentencing in 1995.

Admittedly, Act 535 of 1995 amended section 16-93-303 by adding a requirement that the "procedures established in § 16-90-901 et seq." be complied with prior to expungement. This amendment essentially required a defendant who is eligible for expungement to file a uniform petition to seal his or her records in order to initiate the

expungement process. *See* Ark. Code Ann. § 16–90–904 (Repl. 2006).[2] This amendment and affirmative duty, however, were not in effect at the time of Kimbrell's sentencing. A sentence must be in accordance with the statutes in effect on the date of the crime. *Edwards v. State*, 70 Ark. App. 127, 130, 15 S.W.3d 358, 360 (2000). At the time Kimbrell was sentenced, expungement should have occurred automatically upon the fulfillment of the terms and conditions of probation.

Our conclusion that the circuit court erred in its interpretation of the statute is not, however, determinative of the outcome of Kimbrell's appeal. It is still necessary to determine whether he "fulfilled the terms and conditions of probation," as such a fulfillment was a predicate to eligibility for automatic expungement.

In order to be entitled to expungement, a defendant must have fulfilled the terms and conditions of probation. Among the terms and conditions of Kimbrell's probation were the requirements that he "lead a law-abiding life and commit no offense punishable by imprisonment" and "not use or possess . . . any narcotic or drug." The State asserts that Kimbrell failed to fulfill those terms because, while he was on probation, he was charged with several felony drug counts and admitted to having used marijuana. As a consequence of those charges and his admission, the State filed a petition to revoke his probation in 1996. Kimbrell responds that he successfully completed his probation because he was never convicted of those offenses, and the State ultimately nolle prossed the revocation petition.

---

[2] Sections 16–90–901 et seq. were subsequently repealed by Act 1460 of 2013. The procedures for sealing criminal records are now found in Arkansas Code Annotated sections 16–90–1401 et seq. (Supp. 2015).

SLIP OPINION

SLIP OPINION

We find the decision in *Luevano v. State*, 2012 Ark. App. 436, to be persuasive in concluding that Kimbrell did not fulfill the terms and conditions of his probation and was thus not entitled to expungement.

In *Luevano*, the defendant was placed on probation, and one of the conditions of his probation was that he refrain from committing any offense punishable by imprisonment. He subsequently sought expungement of his record pursuant to section 16–93–303. The circuit court denied expungement because, while on probation, Luevano had been convicted in another state of an offense punishable by imprisonment. Luevano appealed, conceding that he had been convicted of an offense but contending that he nonetheless had fulfilled the terms and conditions of his probation because the State of Arkansas did not file a petition to revoke his probation. This court disagreed, holding as follows:

> Appellant agreed to refrain from committing any offense punishable by imprisonment during his probationary period and, by his own admission, failed to fulfill that agreement. Appellant neither explains nor cites authority for the notion that a clear violation of probationary conditions must be ignored in an expungement proceeding if the violation did not result in revocation of probation. The decision of whether to immediately enter an adjudication of guilt upon violation of probationary conditions is a matter within the discretion of the trial court pursuant to the express language of the statute, and we hold that failure to institute revocation proceedings has no bearing on the question of whether a defendant fulfilled the terms and conditions of his probation under Ark. Code Ann. § 16–93–303(b).

*Luevano*, 2012 Ark. App. 436, at 2.

In this case, the State went so far as to institute revocation proceedings. While the revocation proceedings were based in part on unproven criminal allegations, as Kimbrell complains in his reply brief, they were also initiated based partially on Kimbrell's confession to having used marijuana, which was a clear violation of the terms and conditions of his

probation that he refrain from using or possessing drugs. As in *Luevano*, it is immaterial that the State did not prosecute the revocation to its completion or that the petition was subsequently nolle prossed. The fact remains that Kimbrell admitted to violating a condition of his probation; therefore, by definition, he did not fulfill those terms and conditions.

Kimbrell nonetheless argues that the circuit court entered an order waiving supervision fees in which the court stated that he had "completed his term of probation." We disagree that the phrase "completed his term of probation" is synonymous with "fulfillment of the terms and conditions of probation." We believe that the "term of probation" to which the court was referring was the literal four-year period to which Kimbrell was sentenced. *See Black's Law Dictionary* 1608 (9th ed. 2009) (defining "term" as "[a] fixed period of time"). Here, it is likely that the court did not automatically seal and expunge Kimbrell's record because, while the four-year "term" of his probation had expired, he had not fulfilled the "terms and conditions." The pending charges and the pending revocation petition had been filed in the Polk County Circuit Court, so the court was clearly aware of those matters at the time Kimbrell's probation expired; moreover, the court obviously retained jurisdiction over the proceedings in Case No. CR–1994–124 even after the four-year period had expired, because the nolle pros order in that case was not entered until May 2000.

Because Kimbrell did not "fulfill the terms and conditions" of his probation, the court did not err in denying his 2014 petition to seal. Accordingly, because the court did not err in that respect, Kimbrell's 1995 conviction was a valid basis for the 2014 felon-in-possession

charge. The circuit court therefore did not err in denying Kimbrell's motion to dismiss that charge. We therefore affirm.

Affirmed.

ABRAMSON, J., agrees.

VIRDEN, J., concurs.

**BART F. VIRDEN, Judge, concurring.** I agree with the majority that the trial court erred in its interpretation of Ark. Code Ann. § 16-93-303. While I also agree that Kimbrell did not fulfill the terms and conditions of his probation, I would hold that the "Order to Waive Supervision Fees" provides the basis for that conclusion. The order is an admission by Kimbrell that he failed to pay supervision fees during his term of probation, and therefore, although the fees were subsequently waived, Kimbrell did not fulfill the terms and conditions of his probation. The order indicates that Kimbrell received a hearing on his motion to waive the fees and contains his signature. I am more comfortable affirming the trial court's decision on this basis than on unproven criminal allegations and a confession that Kimbrell had no opportunity to explain.

*Danielson Law Firm, PLLC*, by: *Erik P. Danielson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.