

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–17–99

| | | |
|---|---|---|
| TRENT A. KIMBRELL | | **Opinion Delivered** October 25, 2017 |
| | APPELLANT | |
| | | APPEAL FROM THE POLK COUNTY CIRCUIT COURT [NO. 57CR-14-5] |
| V. | | |
| | | HONORABLE JERRY RYAN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Appellant Trent Kimbrell contends that the circuit court erred in rejecting his challenges to the constitutionality of Arkansas Code Annotated section 5-73-103 and Arkansas Code Annotated section 16-93-303. We affirm.

### I. *Procedural Background*

Kimbrell previously appealed the decision of the Polk County Circuit Court that denied his motion to dismiss a charge of possession of firearms by certain persons. We affirmed the circuit court in *Kimbrell v. State*, 2016 Ark. App. 17, 480 S.W.3d 206 (*Kimbrell I*). That opinion sets forth the facts in detail, so we need not recite them in their entirety here. We will provide only a summary for purposes of this opinion.

Kimbrell entered a plea of no contest to one count of conspiracy to deliver a controlled substance in January 1995. At that time, he was placed on four years' probation

pursuant to Act 346 of 1975, which provides for discharge and dismissal opportunities upon fulfillment of the terms and conditions of probation. In October 1996, the State filed a petition to revoke Kimbrell's probation, but the record does not reflect that a hearing was ever held on the State's petition.[1]

In January 1999, the Polk County Circuit Court entered an "Order to Waive Supervision Fees" in which it found that Kimbrell had "completed his term of probation" on January 18, 1999, but still owed supervision fees. The court waived the balance of the fees, but it did not mention the issue of expungement.

In January 2014, the State charged Kimbrell with being a felon in possession of a firearm. Kimbrell moved to dismiss the charge, asserting that his record should have been automatically expunged upon his successful completion of probation in 1999 pursuant to Act 346. Kimbrell also filed a petition to dismiss and seal his 1995 case. The circuit court denied Kimbrell's motion to dismiss the 2014 charges, disagreeing that Act 346 provided for automatic expungement. The circuit court also denied his petition to dismiss and seal the 1995 case, finding that Kimbrell had tested positive for marijuana during his period of probation, which could have resulted in his probation being revoked.

Kimbrell appealed that decision to this court, arguing that (1) at the time of his 1995 guilty plea and sentencing, Arkansas Code Annotated section 16-93-303 provided for automatic expungement, and (2) the court erred in denying Kimbrell's petition to seal and expunge his record. In *Kimbrell I*, we agreed with Kimbrell's first argument and held that at

---

[1]The State subsequently nolle prossed the revocation petition in April 2000.

the time he was sentenced in 1995, expungement should have occurred automatically upon the fulfillment of the terms and conditions of his probation. *Kimbrell I*, 2016 Ark. App 17, at 8, 480 S.W.3d at 210. We went on to hold, however, that Kimbrell did not "fulfill the terms and conditions of his probation," and therefore he was not entitled to such automatic expungement. *Id*. at 9–10, 480 S.W.3d at 211. We thus affirmed the circuit court's denial of his motion to dismiss the felon-in-possession charge. *Id*. at 10–11, 480 S.W.3d at 212.

Following our decision in *Kimbrell I*, Kimbrell filed a motion in the Polk County Circuit Court challenging the constitutionality of Arkansas Code Annotated section 5-73-103 and Arkansas Code Annotated section 16-93-303, arguing that as of the date of his guilty plea, a disposition pursuant to Act 346 did not constitute a sufficient predicate felony conviction under section 5-73-103, as that statute was codified in 1995. He noted that in 1995, section 5-73-103 did not specifically address a disposition under Act 346, and language doing so was not added to section 5-73-103 until well after his 1995 plea. Kimbrell thus asserted that the amendment "added a new requirement of dismissal and expungement under § 16-93-303 in order for a defendant to be entitled to relief from a charge of [section] 5-73-103 which is based on [an] Act 346 disposition." This new requirement, he contended, constituted an unconstitutional retroactive application of the law against him.

After a hearing on Kimbrell's motion, the circuit court entered an order finding that neither section 5-73-103 nor section 16-93-303 was unconstitutional, either facially or as applied. Following the circuit court's order, Kimbrell entered a conditional no-contest plea pursuant to Arkansas Rule of Criminal Procedure 24.3(b) to the count of being a felon in

possession of a firearm. Thereafter, the circuit court sentenced him to a suspended imposition of sentence to the Arkansas Department of Correction for a term of forty-eight months. Kimbrell filed a timely notice of appeal and now assigns error to the circuit court's finding that neither statute is unconstitutional.

## II. *Standard of Review*

Our supreme court has held that it will review both the circuit court's interpretation of the constitution as well as issues of statutory interpretation de novo, "because it is for this court to determine the meaning of a statute." *Arnold v. State*, 2011 Ark. 395, at 4, 384 S.W.3d 488, 493. In considering the constitutionality of a statute, the appellate courts recognize the existence of a strong presumption that every statute is constitutional. *Brown v. State*, 2015 Ark. 16, at 6, 454 S.W.3d 226, 231. As the party challenging the legislation, Kimbrell bears the burden of rebutting the statute's constitutionality. *See id*. An act should be struck down only when there is a clear incompatibility between the act and the constitution. *Id*.

## III. *Preliminary Matters*

As noted above, Kimbrell urges that both section 5–73–103 and section 16–93–303 are unconstitutional as applied to him. Before we can address the merits of his arguments, however, we must address several preliminary matters concerning the degree to which his arguments are properly before us. First, we note and reject the State's argument that the notice of appeal fails to designate the proper order from which the appeal is taken. Kimbrell's notice of appeal designates "the order of this court in favor of the State of Arkansas, entered

in this case on November 14, 2016." The State correctly points out that the sentencing order was actually entered on November 18, 2016, and the document entered on November 14 was Kimbrell's conditional plea. We conclude, however, that this is obviously merely a scrivener's error. When it is clear which order the appellant is appealing from, given the issues raised in the notice of appeal, an inaccurate date listed for the order appealed from in the notice of appeal is merely a scrivener's error. *Edwards v. State*, 2014 Ark. 185; *Hayes v. State*, 2011 Ark. App. 79, 381 S.W.3d 117. The case on which the State relies, *Webb v. State*, 94 Ark. App. 234, 228 S.W.3d 527 (2006), is inapposite because there, the appellant expressly appealed from his conditional guilty plea, and the record did not indicate that a judgment and commitment order had ever been entered. That is not the case here.

Second, we consider whether Kimbrell may challenge both section 5-73-103 and section 16-93-303 in his appeal from a conditional guilty plea. Arkansas Rule of Criminal Procedure 24.3(b)(iii) provides that in certain circumstances, a defendant may enter a conditional plea of guilty. As is pertinent to the instant case, a defendant may seek review of "an adverse determination of a pretrial motion challenging the constitutionality of the statute defining the offense with which the defendant is charged." We construe court rules "using the same criteria, including canons of construction, that are used to interpret statutes. A court rule is to be construed just as it reads, giving the words their ordinary and usually accepted meaning in common language." *Laymon v. State*, 2015 Ark. 485, at 3, 478 S.W.3d 203, 205. The plain language of Rule 24.3(b)(iii) permits an appeal only from an order denying a "challeng[e to] the constitutionality of *the statute defining the offense with which the defendant is*

*charged.*" (Emphasis added.) Here, the defendant was charged only with violating Arkansas Code Annotated section 5-73-103. We therefore conclude that on appeal, Kimbrell may only challenge the constitutionality of this statute, and we thus do not consider his arguments as they pertain to section 16-93-303.

IV. *Constitutional Arguments*

We turn now to Kimbrell's arguments regarding the constitutionality of section 5-73-103. Kimbrell raises three arguments concerning this statute: (1) it constitutes an ex post facto violation; (2) it violates his due-process rights; and (3) it violates his rights under the Second Amendment.

Kimbrell failed to develop his due-process and second-amendment arguments before the circuit court, and this failure prevents us from reaching the merits of the arguments on appeal. *See Gooch v. State*, 2015 Ark. 227, 463 S.W.3d 296. In his motion to the circuit court, his due-process and second-amendment arguments were presented in their entirety as follows:

> This retroactive ex post facto application of the additional requirement under § 5-73-103 is a violation of Defendant's Due Process Rights under the Fifth and Fourteenth Amendment[s] and a violation of his Second Amendment Right to Bear Arms.

In his brief on appeal, however, he expands considerably on these arguments. Our supreme court has directed that in criminal cases, issues raised, including constitutional ones, must be presented to the trial court to preserve them for appeal. *Standridge v. State*, 357 Ark. 105, 118, 161 S.W.3d 815, 822 (2004). Our supreme court has stated that the circuit court must have the benefit of the development of the law by the parties in order to rule

6

adequately on the issues. *Talbert v. State*, 367 Ark. 262, 265, 239 S.W.3d 504, 508 (2006). We will not address an issue that is fully developed for the first time on appeal. *Raymond v. State*, 354 Ark. 157, 168, 118 S.W.3d 567, 574 (2003). In addition, a party is bound on appeal by the scope of arguments made at trial. *Smith v. State*, 354 Ark. 226, 242, 118 S.W.3d 542, 551 (2003). Because Kimbrell failed to develop these two constitutional arguments at the circuit court level, we will not consider them on appeal. *See Gooch, supra.*

We therefore consider Kimbrell's sole constitutional argument that is preserved for our review, which is that the application of the 1995 amendment to Act 346 is an ex post facto violation. Kimbrell admits that in 1995 he entered a no-contest plea to a felony offense. He argues, however, that his 1995 Act 346 disposition cannot constitute "a sufficient predicate felony to serve as the basis for a charge under [section] 5-73-103" for the following two reasons. First, at the time of his plea in 1995, Act 346 provided for automatic expungement upon the successful completion of probation and declared that an order of expungement "shall completely exonerate the defendant of any criminal purpose and shall not affect any civil rights or liberties of the defendant." Ark. Code Ann. § 16-93-303(b) (1987). Second, in 1995, section 5-73-103 did not "specifically address whether a disposition pursuant to Act 346 constituted a sufficient predicate felony offense, and to hold that [Kimbrell's] 1995 Act 346 disposition constituted a sufficient predicate felony under the then-applicable version of [section] 5-73-103 would be by implication, which is contrary to . . . case law."

We do not address the specifics of Kimbrell's ex post facto arguments because we

conclude that he lacks standing to challenge the constitutionality of section 5-73-103(b)(2).

Section 5-73-103, as amended in 1995, provides as follows:

> (a) Except as provided in subsection (d) of this section or unless authorized by and subject to such conditions as prescribed by the Governor, or his or her designee, or the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives, or other bureau or office designated by the United States Department of Justice, no person shall possess or own any firearm who has been:

> (1) Convicted of a felony;

> (2) Adjudicated mentally ill; or

> (3) Committed involuntarily to any mental institution.

> (b)(1) Except as provided in subdivisions (b)(2) and (3) of this section, a determination by a jury or a court that a person committed a felony constitutes a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation.

> (2) *Subdivision (b)(1) of this section does not apply to a person whose case was dismissed and expunged under § 16-93-301 et seq. or § 16-98-303(g).*

(Emphasis added.) Thus, for Kimbrell to have standing to attack the constitutionality of section 5-73-103(b)(2), he must be "a person whose case was dismissed and expunged under § 16-93-301 et seq. or § 16-98-303(g)."

Kimbrell argues that he is a person whose case was dismissed or expunged under section 16-93-301, because at the time of his 1995 disposition the statute mandated an automatic expungement after the successful completion of his probation. His argument fails, however. In *Kimbrell I*, we specifically held that the circuit court did not err in denying Kimbrell's motion to seal and expunge his record because he did not "fulfill the terms and conditions" of his probation. We further held that "Kimbrell's 1995 conviction was a valid

basis for the 2014 felon-in-possession charge." *Kimbrell I*, 2016 Ark. App. 17, at 10–11, 480 S.W.3d at 212. Because Kimbrell failed to fulfill the terms and conditions of his probation, his disposition was not expunged.

As just explained, the amendment to section 5-73-103(b)(2) does not apply to offenders whose cases were not dismissed and expunged. Because Kimbrell's 1995 plea was never expunged, he is not among the class of people to whom the amendment applies, and he therefore lacks standing to challenge the constitutionality of section 5-73-103(b)(2). *See Jester v. State*, 367 Ark. 249, 258, 239 S.W.3d 484, 491 (2006) ("A litigant has standing to challenge the constitutionality of a statute if the law is unconstitutional as applied to that particular litigant." (quoting *Ghegan v. Weiss*, 338 Ark. 9, 14–15, 991 S.W.2d 536, 539 (1999))).

Affirmed.

ABRAMSON and GLADWIN, JJ., agree.

*Danielson Law Firm, PLLC*, by: *Erik P. Danielson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.