Cite as 2019 Ark. App. 421

# ARKANSAS COURT OF APPEALS

DIVISION I

No. CR–18–946

| | | |
|---|---|---|
| | | **Opinion Delivered:** September 25, 2019 |
| TRAVIS THOMPSON | | |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NOS. 04CR-15-1614 & 04CR-15-1615] |
| V. | | |
| | | HONORABLE BRAD KARREN, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Travis Thompson appeals from the Benton County Circuit Court's revocation of his probation, arguing that the circuit court erred in finding that he willfully violated the terms and conditions of his probation. We affirm.

On February 18, 2016, appellant was sentenced to six years' probation after he entered a plea of guilty to charges of breaking or entering (Class D felony), two counts of theft of property (Class D felony), theft of property (Class A misdemeanor), forgery in the second degree (Class C felony), and two counts of fraudulent use of a credit card (Class A misdemeanor). On March 27, 2017, the State filed a petition for revocation alleging that appellant committed the following violations of the conditions of his probation: (1) failure to report to his probation officer as directed; (2) failure to pay probation fees; (3) failure to pay fines and court costs as ordered; and (4) commission of a new criminal offense of theft

of property on or about March 17, 2017.  A hearing was held on February 28, 2018, at which time the circuit court revoked appellant's probation and sentenced him to an aggregate term of nineteen years in the Arkansas Department of Correction with an additional nine years suspended.  He now appeals.

As a preliminary matter, we must address a deficiency in appellant's notice of appeal. The charges for which appellant was on probation stem from two separate case numbers: 04CR-15-1614 and 04CR-15-1615; however, the notice of appeal indicates that it was filed only for case number 04CR-15-1614.  The State correctly noted that although not specifically designated, by generally appealing from the revocation order entered on March 6, 2018, and the amended sentencing order entered on April 2, 2018, following the revocation hearing that encompassed both cases (04CR-15-1614 and 04CR-15-1615), the omission is merely a "scrivener's error" and not fatal to our review as it is clear which orders appellant is appealing from, given the issues raised in the notice of appeal.[1]

A court may revoke a defendant's probation at any time prior to the expiration of the period of probation if the court finds by a preponderance of the evidence that the defendant has inexcusably failed to comply with a term or condition of the probation.[2]  The State has the burden of proving that a condition of probation was violated.[3]  The State need only show that the defendant committed one violation in order to sustain a revocation.[4]

---

[1]*See Kimbrell v. State*, 2017 Ark. App. 555, at 4–5, 533 S.W.3d 114, 117.

[2]Ark. Code Ann. § 16-93-308(d) (Supp. 2017).

[3]*Baker v. State*, 2016 Ark. App. 468.

[4]*Vangilder v. State*, 2018 Ark. App. 385, 555 S.W. 3d 413.

We will not reverse the circuit court's findings unless they are clearly against the preponderance of the evidence.[5] We defer to the circuit court's superior position in determining the credibility of witnesses and the weight to be given to their testimony.[6]

Appellant challenges the sufficiency of the proof as to each violation. When multiple violations are alleged as justification for revocation of probation, and the circuit court made no specific findings as to which violation it relied on, we will affirm the revocation if there is sufficient evidence to establish that at least one violation has been committed.[7]

At the revocation hearing, appellant's probation officer, Tyler McKinney, testified that appellant had never reported to him. He stated that his records indicated that although appellant had been booked in multiple jails across the state, there were gaps in his incarceration when he could have reported. Specifically, Officer McKinney testified that from February 2016 when appellant's probation began, records show that he was not in custody again until May 8, 2016. He was then released and was not incarcerated from May 11 through July 2, 2016. Officer McKinney went on to identify a more than six-month period from July 7, 2016, through January 29, 2017, during which appellant was not incarcerated and failed to report as directed; and then again, a gap from March 26 through August 22, 2017, among other time periods. Officer McKinney also offered testimony that

---

[5]*Baker, supra.*

[6]*Id.*

[7]*E.g., Doyle v. State*, 2009 Ark. App. 94, at 4, 302 S.W.3d 607, 609.

appellant had made no payments on his probation fees and had failed to make any payments on his fines, fees, and costs as ordered by the court.

Appellant argues on appeal that the State failed to prove that his failure to report was willful; however, his own testimony supports the willfulness of his failure to report. At the revocation hearing, he conceded that he was not incarcerated between May and July 2016 or between March and August 2017. Appellant then went on to state, "So during these two time periods you've just talked about I willfully absconded, I would agree with you. Yes, because I've got warrants and I don't want to come deal with that."

Appellant's probation was conditioned on, among other things, reporting to his probation officer. Both appellant and his probation officer, Officer McKinney, provided testimony that although appellant had been incarcerated for periods of time since his probation began, there had been gaps in his incarceration during which he could have reported yet failed to do so.

Because we find no clear error in the circuit court's finding that appellant's failure to report was willful, we need not address his remaining arguments. The establishment of one violation is sufficient to support a revocation.[8]

Affirmed.

KLAPPENBACH and HIXSON, JJ., agree.

*Ogles Law Firm, P.A.*, by: *William Ogles*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[8]*Springs v. State*, 2017 Ark. App. 364, 525 S.W.3d 490.