Cite as 2021 Ark. App. 48

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CR-20-375

| | |
|---|---|
| SARAH CLAIRE ROBINETTE | **Opinion Delivered:** February 3, 2021 |
| APPELLANT | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. 16JCR-14-1335] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | HONORABLE MELISSA BRISTOW RICHARDSON, JUDGE |
| | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

Appellant Sarah Claire Robinette appeals the Craighead County Circuit Court's denial of her petition to dismiss case No. 16JCR-14-1335. We affirm the circuit court's denial of Robinette's petition to dismiss.

Robinette was charged in case No. 16JCR-2014-1335 (2014 case) with possession of a controlled substance (methamphetamine), a Class D felony. She entered a plea of guilty, and on April 6, 2015, pursuant to Act 346 of 1975 (commonly referred to as the First Offender Act and codified at Arkansas Code Annotated sections 16-93-301 et seq.), the Craighead County Circuit Court deferred further proceedings and placed her on three years' supervised probation. Terms of Robinette's probation included not committing a criminal offense punishable by imprisonment and not using selling, distributing, or possessing any controlled substance, among other requirements.

On February 27, 2017, Robinette was charged in case No. CR-2017-0199 (2017 case) with possession of a controlled substance (methamphetamine), endangering the welfare of a minor, refusal to submit to arrest, and public intoxication. As a result of these charges, a petition to revoke Robinette's probation in the 2014 case was filed alleging she had failed to live a law-abiding life, possessed illegal drugs, and admitted to an officer from the Jonesboro Police Department that she had injected methamphetamine on January 14, 2017.

On January 22, 2018, Robinette entered a guilty plea in the 2017 case to the charge of possession of methamphetamine in exchange for being transferred to the Craighead County Drug Court, where sentencing was deferred until Robinette either successfully completed the drug-court program or was terminated from the program. As a result of her guilty plea in the 2017 case, the State agreed to nolle pros the 2017 endangerment, refusal-to-submit, and public-intoxication charges as well as the 2014 revocation petition, leaving Robinette to resume serving the remaining probationary term which ended April 6, 2018.

On September 24, 2019, the circuit court entered an order dismissing the 2017 case because Robinette had successfully completed the drug-court program. On January 28, 2020, Robinette filed a petition to dismiss and seal her 2014 case under the First Offender's Act, asserting that she had satisfactorily fulfilled the terms and conditions of her probation. The State objected to the dismissal petition, arguing Robinette had not successfully completed her probation because she had pleaded guilty to possession of methamphetamine in the 2017 case. In February 2020, Robinette filed another petition to dismiss and seal her 2014 case on the basis that she had successfully completed the drug-court program in her

2

2017 case. The State objected, arguing that she was not sentenced to the drug-court program on her 2014 case and therefore was not entitled to dismissal.

On March 10, 2020, the circuit court held a hearing on both of Robinette's petitions. The State voiced no objection to sealing the 2014 case, and the circuit court entered an order sealing that case on March 25, 2020. After entering the order sealing the 2014 case, the circuit court entered a separate order denying Robinette's request to dismiss the 2014 case, finding that Robinette had failed to fulfill the terms and conditions of her probation and that the 2014 case was not transferred to drug court and thereby was ineligible for dismissal under Arkansas Code Annotated section 16-98-303 (Supp. 2019).

Robinette argues that the circuit court erred in denying her petition to dismiss the 2014 case under the First Offender Act. The question of the correct application and interpretation of a statute is a question of law, which is decided by the appellate courts in a de novo review. *Bolin v. State*, 2015 Ark. 149, 459 S.W.3d 788. The procedure for probation for first-time offenders is found in Arkansas Code Annotated section 16-93-303 (Supp. 2019), and subsection (b) provides, "Upon fulfillment of the terms and conditions of probation . . . the defendant shall be discharged without court adjudication of guilt, whereupon the court shall enter an appropriate order that shall effectively dismiss the case, discharge the defendant, and seal the record . . . ."

In support of her argument, Robinette cites *State v. Brown*, 2019 Ark. 395, 590 S.W.3d 121. In that case, Brown was initially placed on three years' probation in 2009 under Act 531, the Community Punishment Act, which provided for expungement upon successful completion of the terms of probation. The State filed a petition to revoke

Brown's probation in 2011, and she pleaded guilty to having violated the terms of her probation. The circuit court entered a new judgment and disposition order placing Brown on four years' probation and wrote "no" in the blank on the new order where it asked if the sentence was under Act 531 and eligible for expungement. There was no other reference in the new order to Act 531. In 2018, Brown petitioned for expungement of her conviction under Act 531, which the circuit court granted, concluding she had "satisfactorily complied" with the court's orders. However, the circuit court did not reference the 2011 postconviction order. The State appealed the order of expungement, asserting (1) Brown did not successfully complete the original probation order because the original order had been revoked; and (2) the postconviction probation order was not under Act 531 and therefore could not be expunged under the Act. Our supreme court agreed on both points and reversed the circuit court's grant of expungement under Act 531, holding that Brown had failed to successfully complete her probations given that the original order was revoked in 2011, and the postconviction order was the operative order to determine whether Brown was entitled to expungement. Because the postconviction order expressly stated that it was not under Act 531, the conviction was ineligible for expungement.

Robinette attempts to bolster her position with the *Brown* holding by arguing that because there was no postconviction order in her case, the original order placing her on probation is left undisturbed, and she is "absolutely entitled" to have her case not only sealed but also dismissed because it is the only order in her case. We disagree.

While it is true that the only order in the 2014 case is the order placing Robinette on probation, that is not dispositive of whether she successfully completed the terms of her

4

probation. Robinette's argument on appeal is informed by our court's decision in *Kimbrell v. State*, 2016 Ark. App. 17, 480 S.W.3d 206. In that case, Kimbrell was placed on four years' probation pursuant to Act 476 of 1975. During the term of probation, the State filed a petition to revoke based on Kimbrell's being charged with several drug offenses, failure to pay child support, and his confession to using marijuana. However, no hearing was held, and the State eventually nolle prossed the revocation petition. Fourteen years later, Kimbrell moved to have the charge expunged. The State objected, contending Kimbrell had failed to fulfill the terms of his probation, citing the revocation petition. Kimbrell asserted he had successfully completed his probation because he was never convicted of the offenses with which he had been charged, and the State had nolle prossed the revocation petition. This court held that Kimbrell had not fulfilled the terms and conditions of his probation and was not entitled to expungement. In support of its holding, our court cited *Luevano v. State*, 2012 Ark. App. 436, at 2:

> Appellant agreed to refrain from committing any offense punishable by imprisonment during his probationary period and, by his own admission, failed to fulfill that agreement. Appellant neither explains nor cites authority for the notion that a clear violation of probationary conditions must be ignored in an expungement proceeding if the violation did not result in revocation of probation. The decision of whether to immediately enter an adjudication of guilt upon violation of probationary conditions is a matter within the discretion of the trial court pursuant to the express language of the statute, and we hold that failure to institute revocation proceedings has no bearing on the question of whether a defendant fulfilled the terms and conditions of his probation under Ark. Code Ann. § 16-93-303(b).

The *Kimbrell* court held that it was "immaterial that the State did not prosecute the revocation to its completion or that the petition was subsequently nolle prossed" when a defendant admits violating a condition of probation because "by definition, he did not fulfill

5

those terms and conditions." 2016 Ark. App. 17, at 10, 480 S.W.3d at 211. As in *Kimbrell*, Robinette did not fulfill the terms and conditions of her probation, as evidenced by her guilty plea to possession of methamphetamine in the 2017 case while she was on probation in the 2014 case, and the fact that the revocation petition was nolle prossed is of no consequence in answering that question.

Robinette also points to the boilerplate language in the form order sealing the 2014 case stating that she had completed her sentence and complied with all conditions of probation as proof that the circuit court erred in not dismissing the 2014 case. However, *Kimbrell* is also instructive on this point as well. The circuit court in *Kimbrell* had also entered an order waiving some of Kimbrell's fees that stated he had "completed the terms of his probation." However, our court held that phrase was not synonymous with the fulfillment of the terms and conditions of probation. Likewise, the fact that the form order sealing the 2014 case in Robinette's case contained similar language is not dispositive in light of her guilty plea in the 2017 case and the lengthy order denying dismissal of the 2014 case entered by the circuit court just minutes after the order sealing the 2014 case was entered. We hold that the circuit court correctly refused to dismiss Robinette's 2014 case under Act 346.

Affirmed.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Rees Law Firm*, by: *Zachary W. Morrison*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

6